CARSON *vs.* THE STATE OF GEORGIA.

1. When a request is made that witnesses be put under the rule and excluded from the court-room, it is in a great degree discretionary with the presiding judge whether he will allow some of them to remain or not.

2. There was no error in refusing to grant a new trial on the ground that the court erred in his charge in presenting the defendant's theory of the killing to the jury.

3. Malice is the deliberate intention unlawfully to take away the life of a fellow-creature, and may be express or implied. It is the motive which is present at the time of the killing, and no other motive need be shown.

(a) The facts in the case show express malice, and that was sufficient to make the killing murder, whether there was an apparent motive to commit the act or not.

4. If the jury believed the witnesses for the State, as they had a right to do, the verdict of guilty was right, and there was no error in refusing to grant a new trial.

February 24, 1888.

Criminal law. Witness. Practice in superior court. Charge of court. Malice. Murder. Before Judge FORT. Macon superior court. May term, 1887.

---

Carson *vs.* The State of Georgia.

Reported in the decision.

A. A. CARSON, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general, by brief, and C. B. HUDSON, solicitor-general, by B. P. HOLLIS, for the State.

BLANDFORD, Justice.

The plaintiff in error was indicted and tried for the murder of Jennie Smith, and was convicted and sentenced to the penitentiary for life. He made a motion for a new trial, on several grounds, which was refused; whereupon he excepted.

1. Two of the grounds insisted upon are the following:

"4th. Because the court erred in admitting the testimony of Alex. Smith, over the objection of defendant's counsel, under the following facts: The State's witnesses were required to be put under the rule and were all sworn and sent out of the court-room, said Smith remaining in the room, not having been sworn; said Smith was then allowed to testify as to the age of one of the witnesses, Mary Smith; said witness being the father of the deceased and assisting the solicitor-general as prosecutor.

"5th. Because the court allowed the sheriff, M. B. Gilmore, to testify in the case, the said Gilmore not having been put under the rule, as requested, of all the State's witnesses, and remaining all the while in the court-room; neither was there any request that he be allowed to remain in the court-house; said witness being the sheriff of Macon county in court on official business."

The sheriff testified that he arrested the accused in Muscogee county, and this was all he testified to. Smith testified as to the age of Mary Smith. This testimony was not corroborative of anything sworn to by other witnesses. We do not think the court erred in allowing these witnesses to testify. When this rule was invoked to put the

witnesses out of the court-room, it was in a great degree discretionary with the presiding judge whether he would allow some of them to remain or not; but it appears affirmatively in this case that no harm or damage could come to the accused by allowing these witnesses to testify.

2. The next ground of error is, that the court erred in his charge in presenting the defendants theory of the killing to the jury.    It appears from the record that the court stated to the jury the contentions of counsel for the State and the defendant; but the record does not show that in so doing he erred, or that the theory stated by the court was not in fact the theory presented by counsel on the trial of the case.    Before anything could be gained by this exception, it must affirmatively appear that the court did not correctly state to the jury the theory of the defendant.*

3. Another ground of the motion is the following: " 6th. Because the court erred in refusing to give the following written charge requested by counsel for the defendant, to-wit: 'In all cases of murder, there must be a motive for the killing, or such an absence of motive as, from all the circumstances of the killing, would show a wicked, malignant and abandoned heart.    There can be no murder without malice, and no malice without motive; and if you believe from the evidence that there was neither malice nor motive on the part of the defendant in killing the deceased, alleged in the bill of indictment, then I charge you that your duty would be to find the defendant not guilty of murder.' "

We do not think the court erred in refusing this charge. Malice is the motive moving men to commit murder,—a

---

*He stated it as follows: " The prisoner at the bar disputes this; it is claimed by him that he did go to the house of the deceased or where she lived, that he did have a conversation with her, that he had in his hand a gun, that there was no ill-will between them, that, while engaged in this conversation, the deceased undertook to take the gun away from him, that in this effort the gun was discharged, that she died by reason of this discharge effected in this manner. It is also claimed by the prisoner at the bar that he did not intend to kill the deceased, that if the gun was pointed at all, it was pointed in sport, without any intention to shoot, that by reason of the defect in the gun, it was accidentally discharged, and caused the death of the deceased " (Rep.)

deliberate intent unlawfully to take human life; and in order to constitute murder, the killing must be referred to malice, whether that malice be express or implied. Where all the circumstances of the killing show an abandoned and malignant heart, malice is implied. In all cases of murder, malice is the motive, and it is unnecessary to look for further motive. That is sufficient motive.

Malice may result from revenge, ill-will, desire for gain or other motives; it may arise from causes which are remote, but malice is the motive which is present at the time of the killing, and is the deliberate intention unlawfully to take away the life of a fellow-creature, and no other motive need be shown.

In this case, the record shows that the accused came up with a gun in his hand to the house where the deceased was standing at the door, and engaged in conversation with her about what had happened there the night before, and she denied what he said. He called her a liar, and she called him a " story." He said to her: " If you call me a story again, I will shoot you." She repeated it, and the State's witnesses say that he thereupon pointed his gun at her, fired and killed her. She died a few minutes after she was shot. This, we think, was a case of express malice. If this be true, there was sufficient to constitute the crime of murder, whether there was apparent motive to induce him to commit such a monstrous act or not, and it was not necessary to enquire for further motive; it is sufficient to know that the killing was the result of malice. So we think the court was right in refusing the request contained in the 6th ground of the motion.

4. Upon a consideration of all of the evidence as it appears in the record, we think, if the witnesses for the State are to be believed (and the jury had a right to believe them), the verdict was right, and the court did not err in refusing to grant a new trial.

Judgment affirmed.