GOOSBY *v.* THE STATE.

</div>

1. The court did not err in refusing to allow a witness to answer the following question: " From having observed and talked with this defendant and seen his conduct over the period which you have testified, I say from that, what, in your opinion, would you say as to whether he was weak-minded or not." Whether the witness would have answered that the defendant was weak-minded or not, the answer would have been immaterial, as weakness of mind would not have constituted a defense nor excused the crime.

2. The written request to charge, which was offered and which the court refused to give as a part of his instructions to the jury, embodied

the doctrine of delusional insanity. The court did not err in refusing to give these charges, even if·they stated the doctrine of delusional insanity as a defense to a charge of murder; because there was no evidence upon which to base such charges. The defendant was indicted for the murder of his wife; and there is evidence to show that after the homicide he endeavored to kill himself. There is also evidence to show that he was incensed against his wife because of the fact, among others, that he was refused the privilege of seeing and being with his children, and denied other privileges of a father, his wife having left him and taken the children. But there is no evidence that this was a delusion; it was apparently true. If the accused had imagined that his wife was inflicting upon him these wrongs, and it was not true, and the delusion upon that subject was such as to overcome his will, and that delusion was connected with the act charged and the act was the result of such delusion, the request as made might have been pertinent. But there being no delusion upon the subject shown, the court did not err in refusing the charge. In the case where it was held that the charge requested was proper and that it was error to refuse to give it, there was evidence of the existence of the delusion alleged. *Flanagan* v. *State*, 103 *Ga.* 619 (30 S. E. 550).

3. The court charged the jury in the language of section 35 of the Penal Code, which relates to lunatics and to the commission of acts of lunatics in lucid intervals. This charge is excepted to upon the ground that there is no evidence to authorize such instructions. There is on merit in this exception. There was evidence which might have been urged as showing that the defendant was insane at times, and there is also evidence tending to show that he was a person of sound mind, according to the definition given in the Penal Code, § 33. The fact that the witnesses ·were introduced, some by the State and some by the defendant, does not affect the question. It is not necessary that the same witness should testify that the accused was at times of sound mind and at others was a lunatic, or that he was a lunatic but enjoyed lucid intervals.

4. The court in its charge defined malice as follows:  " What the law means by malice aforethought is this: Malice is a state of mind, an intention to kill under such circumstances as the law would not justify, nor·in any way excuse, the intention if the killing occurred." This definition is substantially correct. Compare Penal Code (1910), § 61. The charge is not excepted to upon the ground that the word " deliberate " was omitted before the words " to kill under such circumstances as the law would not justify," etc.

5. Nor did the court err in charging the jury that " Abandoned and malignant heart, in the sense of the law, is commonly held to be evidenced by a weapon likely to produce death, and by a brutal and bloodthirsty use of the same," upon the ground that it contained an intimation of opinion that " the evidence in this case showed a brutal and bloodthirsty use of a weapon alleged to have been used."

6. Upon the subject of motive the court charged the jury that " If you find there was no motive on his part to commit the act, you may consider it, especially if the evidence leaves the defendant's guilt at

all doubtful, in deciding whether the defendant is guilty or not." This charge was not subject to the exception that " it restricted the jury, if they found no motive, to a consideration of that fact only if they found from the evidence that the defendant's guilt was doubtful."

7. The instruction of the court to the jury that they should take up the question of the defendant's sanity or insanity first, and if they should find that the accused was insane at the time the crime is alleged to have been committed, a verdict of not guilty should be returned; but that if they found he was sane, then they would take up the rest of the case and consider it under the instructions given, was not error and did not deprive the defendant in any way of the benefit of the evidence in the case tending to show insanity at the time of the commission of the alleged crime.

8. The court charged the jury that " The law presumes every defendant to be of sound mind, and the burden is on the defendant to satisfy the jury to a reasonable certainty that he was not of sound mind when the act was committed." The majority of the court are of the opinion that this charge is error for the reasons stated in the case of *Currie* v. *State,* ante, 178 (111 S. E. 727), wherein it was held, in discussing the court's charge upon the subject of the insanity of the accused, that " the court erred in charging the jury that in such a case ' the burden is on the defendant to make good such defense to a reasonable certainty and to the reasonable satisfaction of the jury.' " This was the ruling in the opinion of the majority of the court, and the charge was held to be error requiring the grant of a new trial.

BECK, P. J., dissenting. Though preparing the syllabi, I dissent from the ruling in the 8th headnote, for the reasons stated in my dissent in the case cited, and am authorized to say that Chief Justice Fish joins in this dissent.

No. 2943. MAY 19, 1922.

Indictment for murder. Before Judge Fortson. Clarke superior court. November 12, 1921.

*Hamilton McWhorter Jr.,* and *Cobb & Bell,* for plaintiff in error.

*George M. Napier, attorney-general, W. O. Dean, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.

BECK, P. J. Will, alias Flig, Goosby was indicted for the murder of his wife, Gussie Goosby, and upon the trial was convicted and sentenced to be executed. The accused made a motion for new trial, which was overruled, and he excepted. The original motion contained the usual general grounds, that the verdict was contrary to law and the evidence and without evidence to support it; and the amendment to the motion contained certain special grounds, which are ruled upon in the foregoing headnotes. The rulings there made are not novel, and relate to questions which

have been adjudicated previously by this court; and it is therefore unnecessary to elaborate them.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Beck, P. J., dissenting.*