## MARSHALL *v.* THE STATE.

No. 10217. August 10, 1934.

*M. E. Brinson Jr.,* and *Wright & Covington,* for plaintiff in error.
*M. J. Yeomans, attorney-general, J. F. Kelly, solicitor-general, B. D. Murphy, J. T. Goree,* and *J. R. Rosser,* contra.

Bell, J.  The judge in his charge defined malice both express and implied, and specifically instructed the jury that "there can be no murder without malice; malice is a necessary ingredient of murder." The indictment for murder alleged, of course, that the killing was done with malice. The judge instructed the jury that if the defendant "did kill the person named in the indictment, and in the way and manner charged in the indictment," and if the jury should find this to be true beyond a reasonable doubt, they should convict him of the offense of murder. In the first special ground of the motion for a new trial this latter charge was assigned as error, upon the ground that it omitted any reference to the question of malice and intent on the part of the defendant. In view of

the other portions of the charge and the allegation as to malice, the charge complained of was not erroneous as contended.

■ "Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner: Provided, that where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offense shall be deemed and adjudged to be murder." Penal Code § 67. A charge embracing this section was excepted to upon the ground that the phrase, "or is committed in the prosecution of a riotous intent," was inapplicable and prejudicial, because the defendant was acting alone and not in concert with others in the commission of a riot or in the prosecution of a riotous intent. There was no merit in this ground. The phrase in question is not confined in its application to cases in which two or more persons are involved as the perpetrators, but it may be applied to the conduct and intention of a single individual. It is used in the Code in its popular sense, and signifies a killing in the prosecution of a reckless or wanton act, or with criminal indifference to the consequences. *Pool* v. *State,* 87 *Ga.* 526 (3) (13 S. E. 556); *Smith* v. *State,* 124 *Ga.* 213 (52 S. E. 329); State *v.* Kennan, 25 Wash. 621 (66 Pac. 62); Banks *v.* State, 85 Tex. Cr. 165 (211 S. W. 217, 5 A. L. R. 600). An individual may be actuated by a "riotous intent" although two or more persons are necessary to commit the offense of riot. This ruling refers to the second special ground of the motion for a new trial, but special grounds 3 and 4 raising the same question are also controlled thereby.

■ The fifth or final special ground is expressly abandoned in the brief of counsel for the plaintiff in error. The general grounds are not insisted upon. The judge did not err in refusing a new trial.

*Judgment affirmed.   All the Justices concur.*