### BECKWORTH v. THE STATE.

No. 11607. FEBRUARY 13, 1937.

872

*Hugh E. Combs* and *W. A. Slaton*, for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Cecil Davis, solicitor-general, B. D. Murphy*, and *E. J. Clower*, contra.

BELL, Justice. ■ "On the trial of one charged with the murder of his wife, evidence is admissible which tends to show that for a long period of time prior to the homicide and until a short time prior thereto, the defendant was cruel to and ill-treated his wife, as tending to show malice and motive, and to rebut the presumed improbability of a husband murdering his wife." *Josey* v. *State*, 137 *Ga.* 769 (74 S. E. 282).

(*a*) Under the foregoing principle the court did not err in admitting the evidence referred to in grounds 1, 6, and 9 of the motion for new trial, which tended to show indifference on the part of the accused as to provision for his wife, or in admitting the evidence set forth in grounds 4, 5, and 7, which tended to show a long course of ill-treatment continuing until shortly before the homicide. The present case differs on its facts from *Daniel* v. *State*, 103 *Ga.* 202 (3) (29 S. E. 767), and similar cases where there was nothing to connect the former conduct with the homicide.

(*b*) The charge complained of in ground 18 was in accordance with the principle quoted above, and was not erroneous upon the ground that it would have authorized the jury to find the defendant guilty regardless of any testimony of accident and misfortune.

■ The testimony of an insurance agent, to the effect that within two years before the homicide the accused applied for insurance on the life of his wife, but that he failed to bring his wife for an examination as directed, was not irrelevant and inadmissible, as contended in ground 3, in view of evidence to the effect that the accused later obtained a policy of insurance on the life of his wife through a different agent, which policy was payable to the accused and was in force at the time of the homicide. *Johnson* v. *State*, 130 *Ga.* 22 (2) (60 S. E. 158) ; *Powers* v. *S'ate*, 172 *Ga.* 1 (12) (157 S. E. 195).

■ The court did not err, as contended in grounds 8 and 2, respectively, in admitting evidence as to the failure of the accused to make arrangements for the funeral, and as to his demeanor at the' funeral service, the objections to such evidence being in sub-

stance that it was irrelevant and immaterial, related to transactions happening since the time of the homicide, did not tend to show motive, was in the nature of hearsay, and was prejudicial. *Frank* v. *State*, 141 *Ga.* 243 (80 S. E. 1016).

■ A sister of the accused having testified that he and his wife had lived or visited in the home of the witness at various times since their marriage, and that so far as the witness could tell his treatment of his wife was good, and that she never saw him abuse his wife in any way, the court did not err, as contended in ground 10, in admitting in evidence, solely for the purpose of impeachment, a letter shown to have been written on August 23, 1932, by the witness to the father of the deceased, and containing matter contradictory of the testimony. While the homicide did not occur until January 3, 1936, the testimony of the witness was material in view of other evidence of continuous ill-treatment, and consequently the letter related to matters relevant to the testimony and to the case. Code, § 38-1803.

■ When the letter just referred to was offered in evidence, the solicitor-general stated that he was tendering it for the purpose of impeachment. The judge inquired, "Impeachment of Mrs. Broom?" The solicitor replied, "Yes, sir." The judge then ruled as follows: "It is admitted for that purpose only. I am admitting it for the purpose of impeachment, and for that purpose only." *Held*, that the statement as thus made by the judge was not cause for a new trial, as contended in ground 11, on the ground that it expressed or intimated to the jury an opinion that the witness was impeached or would be impeached by the introduction of such letter. *Howell* v. *State*, 162 *Ga.* 14 (5) (134 S. E. 59); *Reed* v. *State*, 163 *Ga.* 206 (2) (135 S. E. 748); *Daniels* v. *Avery*, 167 *Ga.* 54 (3, c) (145 S. E. 45).

■ Since there was nothing in the evidence or the defendant's statement which would have authorized a conviction of involuntary manslaughter in the commission of an unlawful act, the court did not err in charging the jury in such manner as to exclude that grade of involuntary manslaughter, and in charging upon the subject of involuntary manslaughter only as related to the commission of a lawful act without due caution and circumspection. There is no merit in grounds 12 and 13.

■ The court instructed the jury in effect that if they believed

beyond a reasonable doubt, from the evidence in the case, that the defendant did at the time and place alleged in the indictment and in the way and manner charged therein commit the offense with which he was so charged, they would be authorized to find the defendant guilty. Since the indictment alleged that the defendant did unlawfully, wrongfully, and with malice aforethought kill and murder the named deceased by shooting her with a shotgun, the court's charge was not erroneous on the ground that it excluded from the jury any consideration of whether the killing was unlawful or wrongful, or was actuated by malice. *Marshall* v. *State,* 179 *Ga.* 290 (175 S. E. 581). Accordingly, there is no merit in ground 14 of the motion for a new trial.

■ The court instructed the jury as follows: (a) "A crime or misdemeanor shall consist in the violation of a public law, in the performance of which there shall be a union or joint operation of act and intention, or criminal negligence." (b) "A person shall not be found guilty of any crime or misdemeanor, committed by misfortune or accident, and where it satisfactorily appears there was no evil design or intention, or culpable neglect." In grounds 15 and 16, respectively, it is contended that these portions of the charge were erroneous, because the court did not go further and instruct the jury that if they found that there was no union or joint operation of act and intention, or criminal negligence, or that the killing was the result of accident with no intention on the part of the accused to fire the shot, it would then be the duty of the jury to return a verdict of not guilty. There is no merit in these contentions. *Neal* v. *State,* 151 *Ga.* 367 (106 S. E. 906); *Peeples* v. *Rudulph,* 153 *Ga.* 17 (2) (111 S. E. 548).

■ The court, after giving a requested charge fully in the language of the request, did not err in failing to repeat a portion of such charge in connection with explanatory instructions voluntarily given, where all of such explanatory instructions were consistent with the whole of the charge requested. Accordingly there is no merit in ground 17.

■ The court charged the jury as follows: "There can be no murder without malice, and no malice without motive. You may inquire, therefore, whether or not there was any motive on the part of the defendant to induce him to take the life of the deceased, and, if there was any motive, what that motive was. If

you find there was no motive on his part to commit the act, you may consider that, especially if the evidence leaves the defendant's guilt at all doubtful, in deciding whether the defendant is guilty or not." In ground 19 the movant contends that this charge was contradictory and confusing, and was further erroneous because the absence of motive would have entitled the defendant to an acquittal of the charge of murder, and was not merely a matter for consideration by the jury in arriving at a verdict. This assignment of error does not show any cause for reversal. *Davis* v. *State*, 74 *Ga.* 869 (4); *Carson* v. *State*, 80 *Ga.* 170 (3) (5 S. E. 295); *Campbell* v. *State*, 124 *Ga.* 432 (5) (52 S. E. 914); *Lynn* v. *State*, 140 *Ga.* 387 (4) (79 S. E. 29); and see especially *Goosby* v. *State*, 153 *Ga.* 496 (6) (112 S. E. 467).

The rulings stated above refer to the special grounds of the motion for a new trial, as contained in an amendment to the motion, and numbered as indicated. With reference to the general grounds, it appears that the defendant admitted the killing, but contended that it was accidental. Considering the evidence as a whole and the defendant's statement, this court can not say as a matter of law that the conviction of the offense of murder was unauthorized. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*