## 30124. WILLIAMS *v.* THE STATE.

Decided September 15, 1943.

*W. G. Neville*, for plaintiff in error.

*Fred T. Lanier, solicitor-general*, contra.

GARDNER, J. ■ The defendant was convicted of assault with intent to murder. The State, after having introduced evidence,

rested its case subject to the introduction later of the testimony of the attending physician. The defendant then offered his wife as a witness. She was examined out of the presence of the jury, and her testimony tended to vindicate the defendant on the theory of self-defense. The solicitor-general objected to the admission of her testimony on the ground that she was an incompetent witness, under the Code, § 38-1604, which declares: "Husband and wife shall not be competent or compellable to give evidence in any criminal proceeding for or against each other, except that either shall be competent, but not compellable to testify against the other upon the trial for any criminal offense committed, or attempted to have been committed, upon the person of either by the other. The wife shall be a competent witness to testify for or against her husband in cases of abandonment of his child, as provided in section 74-9902." The objection was sustained. The jury was returned, and the defendant proceeded with his defense. Thereafter the State introduced testimony in rebuttal, together with that of the physician, after which the following colloquy between counsel and the court took place: Counsel for the State, addressing the court: "Counsel offered the wife of this defendant, and I objected on the ground that she is an incompetent witness. I will withdraw that objection now and let him put her up." Counsel for the defendant: "He closed his case twice, and I finally closed my case, and when I closed I had already made my motion in the record for the purpose of—and for the purpose of supplementing it, which I had courtesy enough not to undertake in the presence of the jury, I offered her testimony and she testified to the facts and circumstances. Now under these circumstances I do not think it would be proper to put her up." The court: "Do you decline to put her up?" Answer: "Yes sir, for the reason that he has closed his case." It appears from the record that the defendant sought, by offering the testimony of his wife, to test the constitutionality of the provisions of the Code, § 38-1604, as in violation of article 1, section 1, paragraph 3, of the constitution of Georgia, which declares: "No person shall be deprived of life, liberty, or property, except by due process of law." The defendant contends that the refusal to admit the testimony of his wife, who was a material witness, and whose testimony was material to the issue involved in the case, violated the constitutional right guaranteed to him under the foregoing "due

process clause" of the constitution of this State, and also violated the rights guaranteed to him under the 14th amendment to the constitution of the United States, which provides that: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny any person within its jurisdiction the equal protection of the laws;" and has requested us to transfer the case to the Supreme Court on the ground that a constitutional question is presented, which this court is without authority to determine, the determination of constitutional questions being vested exclusively within the jurisdiction of the Supreme Court. See Code, § 2-3005. As we view the case, under the record there is no constitutional question involved. This is true because the defendant refused to offer his wife as a witness when he had an opportunity to do so.

In *Goldberg* v. *State,* 22 *Ga. App.* 122 (4) (95 S. E. 541), this court said: "In every case it is largely within the discretion of the trial judge, at any stage of the proceedings, to permit the case to be opened and new evidence submitted by either party; and this court will not reverse the court below in the exercise of such discretion, unless it appears that from an abuse thereof the plaintiff in error has lost some substantial right, the allowance of which probably would have affected the verdict rendered." (Quoting *Powell* v. *State,* 101 *Ga.* 9 (3), 18 (29 S. E. 309, 65 Am. St. R. 277).) See *Johnson* v. *State,* 164 *Ga.* 47. It is conceded by counsel for the plaintiff in error that the trial judge has a wide discretion in reopening a case at any stage of the trial for the purpose of admitting additional testimony; but it is contended that under the record of this case what took place did not amount to a formal reopening of the case, sufficient to allow the defendant to introduce his wife as a witness; that what took place in the colloquy set out above did not amount to a waiver by the defendant sufficient to deny him the right to take advantage of the alleged error (concerning his constitutional right) in refusing to admit the testimony of his wife when it was first offered. This position is not tenable. It will be observed that when the solicitor-general withdrew the objection, the defendant refused to offer her testimony, whereupon the trial judge inquired of his counsel if he declined to offer the wife, and counsel replied that he did decline, and gave as his reason therefor that the

State had concluded its case. In view of that statement, it would have been futile for the judge to have reopened the case, if indeed a formal reopening was necessary. The law does not require the doing of a vain thing. The only reasonable inference which can be drawn from the record is that the judge was willing to reopen the case and allow the wife to testify, since there was no objection from the State. But it is further contended that since the State said the wife was incompetent to testify, the court was without authority to permit her to testify, and for this reason there is a constitutional question involved. If the court had permitted the testimony of the wife to go to the jury when first offered, and the jury had nevertheless returned a verdict of guilty against the defendant, certainly he could not have complained of the provisions of the Code, § 38-1604. And if the testimony of the witness had been admitted in the first instance, over the objections of the State's counsel, and the defendant had been acquitted, the State could not have complained. It therefore follows that since the defendant was given an opportunity during the trial to use his wife as a witness in his behalf, and declined to take advantage of this offer, he is bound to the same extent as if she had been offered, and had been permitted to testify in his behalf without objection from the State. The facts of this case do not warrant the conclusion that for any reason of public policy the trial judge, in the absence of objections from the State, and with the express consent of the State's counsel, may not permit the wife to testify in behalf of her husband simply because the statute says she is incompetent. The Code, § 38-418, provides that communications between husband and wife are excluded on the ground of public policy, "but such privilege may be waived." *McCord* v. *McCord,* 140 *Ga.* 170 (78 S. E. 833). It is helpful to compare, in this connection, what was said by the Supreme Court in *Cooper* v. *Reeves,* 161 *Ga.* 232, 235 (131 S. E. 63), where the court had under consideration a case where a personal representative of the deceased was involved. In that case the personal representative refused to object to a conversation between the deceased and a third person, whereupon one of the parties to the bill of interpleader sought to object in behalf of the personal representative. In the opinion, the court, after having held that the case was not one to which the Code, § 38-1603, par. 1, applied, made this further observation: "Moreover, if the suit could be construed

as one instituted or defended by the personal representative of the deceased, such personal representative did not object to the evidence being admitted." This last case is cited as bearing indirectly ·on the proposition that even though a witness may be termed incompetent, unless a question of public policy is involved, the incompetency of the witness may be waived. Therefore we see no reason why, under the·facts of the instant case, the solicitor-general could not waive the incompetency of the wife as a witness in behalf of the defendant, and no reason why under such circumstances the judge might not use his discretion in permitting the wife to testify.

■ But it is further contended that since the objection to the wife testifying was withdrawn in the presence of the jury, and that since the remarks of the court were made in the presence of the jury, the credibility of the wife was thus circumscribed and would not have had the weight and credit to which it was entitled had it been received when first offered, and for this reason defendant's case was prejudiced to the extent that a new trial should be granted. Considering the whole record this did not .amount to error. .,

The evidence sustains the verdict. The judge did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*