McKETHAN *v.* THE STATE.

No. 15495.   JULY 3, 1946.

*Edwin J. Feiler* and *Edward J. Goodwin,* for plaintiff in error. *Eugene Cook, Attorney-General, Andrew J. Ryan, Solicitor-General,* and *Daniel Duke, Assistant Attorney-General,* contra.

WYATT, Justice. (After stating the foregoing facts.) This case is before the court on the general grounds. The evidence, which included confessions freely and voluntarily made by the accused, and corroborating facts and circumstances, was sufficient to support the verdict of guilty of murder, without a recommendation.

The defendant's sole defense, made under the general plea of not guilty, was insanity at the time of the alleged crime. Where such a defense is raised, the burden rests on the accused, under the presumption of sanity, "to show by a preponderance of evidence, but not beyond a reasonable doubt, that at such time he was mentally irresponsible, under the tests recognized in this State." *Hubbard* v. *State,* 197 *Ga.* 77 (28 S. E. 2d, 115); *Griffin* v. *State,* 195 *Ga.* 368, 375 (24 S. E. 2d, 399); *Rozier* v. *State,* 185 *Ga.* 317, 319 (195 S. E. 172); *Hinson* v. *State,* 152 *Ga.* 243 (2) (109 S. E. 661).

It is the general rule in this State that the sole test of criminal responsibility is whether the accused had "reason sufficient to distinguish between right and wrong in relation" to the particular offense committed. *Hubbard* v. *State,* supra; *Rozier* v. *State,* supra; *Roberts* v. *State,* 3 *Ga.* 310. The only exception to this general rule is where the accused is suffering from "delusional insanity;" which is not involved in this case, since the undisputed evidence showed that the accused was not suffering from this form of insanity. Accordingly, this case falls under the general rule stated.

On the question of the defendant's sanity, the evidence unquestionably showed that the accused is an abnormal individual. There is evidence showing, without contradiction, that the defendant received a severe blow on the head when he was four years old, which is still evidenced by a dent in the skull. The evidence tends to show that since this occurrence the defendant on occasions has suffered a temporary "black-out," when struck on the head, during which time he was violent. All the expert testimony is to the effect that, if the defendant committed the crime during one of these periods, he would be unconscious of his act, unable to remember the details of the crime, and not criminally responsible for his conduct. However, as to this phase of the case, the evidence authorized the jury to find that the crime was not committed during one of these temporary periods of insanity, as contended by the defendant. There was evidence showing confessions made by the accused, in which he gave details of his conduct as well as that of the deceased at the time of the killing. There was testimony from an arresting officer to the effect that he questioned the accused as to whether he could remember the details of the killing, and the accused answered that he remembered everything which happened; also, that the accused told the arresting officer that during the process of the crime he had lost his keys, and these keys were found by the arresting officer at the spot where the accused stated the killing occurred. Clearly the evidence authorized the jury to find that the crime was not committed during a period of temporary insanity.

This brings us to a consideration of the defendant's general sanity, apart from his periods of temporary insanity. It is evident that the accused is not a normal individual, either sexually or mentally. However, the expert testimony of the witnesses offered by the accused is to the effect that he has mental capacity sufficient to distinguish right from wrong, though probably not to the same degree as a normally intelligent individual. The evidence showed that the accused attempted to conceal the crime, going to considerable effort to do so. Under this evidence, as well as other evidence set forth in the statement of facts, the jury was authorized to find that the defendant, at the time of the crime, had reason sufficient to distinguish between right and wrong in relation to the criminal act committed; and, accordingly, to find that under the

test of force in this State he was criminally responsible for his act.

That the accused, though able to distinguish between right and wrong, might be unable to evaluate the quality and consequences of his act to the same degree as a normal or average individual, is no defense. Weak-mindedness alone is no defense to crime. *Goosby* v. *State,* 153 *Ga.* 496 (112 S. E. 467) ; *Bowden* v. *State,* 151 *Ga.* 336 (3) (106 S. E. 575) ; *Rogers* v. *State,* 128 *Ga.* 67 (57 S. E. 227, 10 L. R. A. (N. S.) 999, 119 Am. St. R. 364).

All the evidence bearing upon the defense of insanity has been carefully examined. We can not say as a matter of law that the finding of the jury against such defense was unauthorized. The evidence supported the verdict, which has had the approval of the trial court; and therefore the judgment overruling the motion for new trial must be affirmed.

*Judgment affirmed. All the Justices concur.*