## 29092. WEST v. HOPPER.

INGRAM, Justice.

Appellant raises three issues in this appeal from the denial of habeas corpus relief by a judgment of the Superior Court of Tattnall County.

The first of these issues is that appellant was denied the right to appeal his 1967 conviction for robbery in Fulton Superior Court because he was not advised by counsel of his right to appeal. This issue is moot as appellant was given an out-of-time appeal to this court from his earlier conviction and was represented in that appeal by competent and effective counsel. *West v. State,* 229 Ga. 427 (192 SE2d 163) (1972).

The second contention made by appellant in this appeal is that he was denied due process and equal protection of the law when the trial court referred to him as "the prisoner" during the court's charge to the jury in the robbery trial. Appellant also contended this reference to him in the court's charge as "the prisoner" was error when his conviction was here for review on the merits. This court held that, "clearly the jury was not prejudiced against the appellant by the reference to him as a 'prisoner' in the charge." Appellant offers no new argument in support of this contention except to label it now as a denial of due process and equal protection of the law. We note again this reference to appellant occurred during that portion of the court's charge when the court was explaining to the jury that in all criminal cases (at that time) the prisoner had a right to make an unsworn statement in his own defense. It had to be obvious to the jury that, since appellant was on trial for robbery and evidence of his arrest for this offense had been presented, he was a prisoner at the time of trial. No evidence of any other arrest (or conviction) involving appellant was presented at the trial and we fail to see how appellant was prejudiced. We, therefore, conclude that appellant was not denied due process or equal protection of the law as contended by him.

Finally, appellant claims that this court's application of Kirby v. Illinois, 406 U. S. 682 (92 SC 1877,

32 LE2d 411) (1972), to his pre-indictment lineup constituted an "ex post facto law," and was therefore erroneous as a matter of law. The issue presented by this contention is whether the application of the Kirby case "altered the situation of the accused to his disadvantage . . ." See *Todd v. State,* 228 Ga. 746, 751 (187 SE2d 831). We think not. United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178) both dealt with the right to counsel at a post-indictment pre-trial lineup. In Kirby, the court refused to extend the constitutional right to counsel to a routine investigation involving a showup at a police station. The court observed in its opinion (p. 688) that the right to counsel attaches "at or after the time that adversary judicial proceedings have been initiated . . ." In appellant's case, *West v. State,* supra, this court interpreted Kirby to require counsel at 'a lineup only after indictment and this court has consistently followed that view in later cases. E.g., see *Jones v. State,* 232 Ga. 771, as opposed to the view expressed in the concurring opinion in that case. Thus, under applicable decisions of the U. S. Supreme Court, the interpretation given Kirby by this court in appellant's case did not alter his right to counsel to his disadvantage.

We reach the same result by a review of applicable Georgia law. The Georgia Constitution (Code Ann. § 2-105) guarantees that "every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel." At the time of appellant's trial in 1967, the case law in Georgia indicated "this right includes the benefit of counsel at all stages of the arraignment and sufficiently prior thereto for adequate [trial] preparation." See *Fair v. Balkcom,* 216 Ga. 721, 727 (119 SE2d 691); and also, *Knight v. Balkcom,* 219 Ga. 589, 590 (134 SE2d 801) (1964). In 1967, appellant had no constitutional or statutory right to counsel at a lineup conducted on the day of his arrest. Most of the Georgia cases dealing with denial of the right to counsel turned on whether there had been adequate time before trial for the accused to retain counsel or adequate time for preparation of the case prior to trial.

E.g., see *Walker v. State,* 194 Ga. 727, 732 (22 SE2d 462).

In summary, appellant's best hope for arguing that he was entitled to counsel at the lineup on the day of his arrest rested upon his convincing this court in his earlier appeal that adversary judicial proceedings had begun against him at the time of the lineup and that counsel was required under the Kirby case. This court rejected that contention in the earlier appeal, and, as shown above, appellant had no constitutional right to counsel at his pre-indictment lineup prior to the Kirby decision. Therefore, appellant's situation was not altered to his disadvantage by the Kirby decision relied upon by this court.

The habeas corpus court correctly decided adversely to appellant's contentions in this case and its judgment will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 16, 1974 — DECIDED
SEPTEMBER 24, 1974.

Johnny West, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.