### 73639. KELLY v. THE STATE.
### 73640. McGEE v. THE STATE.
(353 SE2d 92)

DEEN, Presiding Judge.

The appellants, Charleston Kelly and Ada McGee, were jointly tried and convicted of trafficking in cocaine and possessing marijuana, in violation of the Georgia Controlled Substances Act. In their separate appeals, Kelly and McGee contend that the evidence was insufficient to support their convictions, that the trial court erred in finding a juvenile witness competent to testify, and that the trial court erred in admitting testimony about an incriminating statement made by Kelly.

On the evening of July 5, 1985, officers of the Burke County Sheriff's Department and the Georgia Bureau of Investigation placed the residence of McGee and Kelly under surveillance for possible drug trafficking. The officers observed several people come and go, and two

males make several trips from the residence to a grassy spot near a wooded area to dig up something and then return to the residence. McGee also was observed making this trek. Based on this information and observation, a search warrant was obtained and subsequently executed at approximately 11:00 p.m. that night. When the officers arrived and identified themselves, Wilburt Lovett, one of the people who had travelled back and forth to the grassy area, was caught trying to climb out a rear window of the residence. During the search of the residence, officers seized a bag of marijuana and a plastic baggie and knife that contained cocaine residue. At the grassy spot near the woods, a bottle containing marijuana and an Inositol[1] bottle containing cocaine were seized. Another Inositol bottle was found in the residence, and $6,542 was seized from McGee's purse. No one, however, was arrested until several days later. *Held*:

1. Wilburt Lovett, who was sixteen at the time of the trial, was called as a witness by the state. During his testimony, he either refused to respond to many questions or claimed to have no recall of the matter inquired about. Lovett's demeanor and reticence prompted an instruction by the trial court to respond to the questions and a reminder that he was under oath. When Lovett then indicated that he did not understand what an oath meant, the trial court sua sponte made the standard inquiry to determine Lovett's competence as a witness, following which the trial court found him competent to testify. The appellants neither requested this inquiry nor objected to the trial court's determination, and thus waived any objection concerning Lovett's competency. *Keasler v. State*, 165 Ga. App. 561 (301 SE2d 915) (1983); *Williams v. State*, 69 Ga. App. 863 (27 SE2d 54) (1943).

2. On July 9, 1985, before Kelly actually was arrested, a GBI agent visited and questioned him at his and McGee's residence. The agent testified that he first had advised Kelly of his rights, and that although Kelly refused to sign a waiver he had indicated that he understood those rights. The GBI agent was then allowed to recount a statement made by Kelly, in which Kelly first denied any knowledge about cocaine or marijuana, yet later demonstrated some familiarity with cocaine and dealing with drugs. In contending that the trial court should have excluded this evidence, both appellants cite Blackstone for the proposition that admissions are "the weakest and most suspicious of all testimony; ever liable to be obtained by artifice, false hopes, promises of favor or menaces." Our law, of course, has long been cognizant of that weakness, and upon objection requires a show-

---

[1] Testimony during the trial revealed that Inositol is a common cutting agent used to dilute cocaine.

ing of voluntariness before a confession or inculpatory admission, obtained during a custodial interrogation, is admissible as evidence. However, even assuming that requirement applies to a noncustodial, pre-arrest statement, a showing of voluntariness was made in this case, and the trial court's finding on that issue, not being clearly erroneous, is upheld. *Tyler v. State*, 247 Ga. 119 (274 SE2d 549) (1981).

3. In addition to that summarized above, the evidence adduced at trial also included the prior inconsistent statement of Wilburt Lovett, in which he explained that Kelly paid him to fetch the drugs for him from the grassy area. That quantum of evidence was sufficient to authorize a rational trier of fact to find Kelly guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). McGee's contention that no evidence connects her with the drugs, other than the marijuana and cocaine residue found in the residence, ignores the evidence that she was observed making the trek to where the cache of contraband was located, and the unusually large sum of cash found in her purse. The evidence likewise was sufficient to authorize her conviction.

*Judgments affirmed in both appeals. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1987.

*Michael C. Garrett*, for appellants.

*Sam B. Sibley, Jr., District Attorney, Peter D. Johnson, Charles R. Sheppard, Assistant District Attorneys*, for appellee.