S06A1257. MOORE v. THE STATE.
(632 SE2d 632)

THOMPSON, Justice.

A jury found Antonio Demond Moore guilty of the malice murder of Ernest McDaniel. He appeals, asserting, inter alia, ineffective assistance of counsel. However, the ineffectiveness claim is procedurally barred since it is being raised for the first time on appeal. Moore's other claims are without merit. Accordingly, we affirm Moore's conviction and sentence.[1]

Construed in the light most favorable to the jury's verdict, the evidence shows the following: Moore was a passenger in the victim's vehicle. While the vehicle was in motion, Moore and the victim got into an argument. The vehicle stopped and a fight ensued. Moore exited the vehicle and moved to the driver's window where the fight continued. The victim threw a gun out of the window and onto the street; Moore retrieved it, turned, and shot the victim twice before fleeing the scene. Later, when interrogated by the police, he gave a statement and led police to the murder weapon.

---

[1] The crime occurred on April 8, 1996. Moore was indicted by a Dougherty County grand jury on October 31, 1996, for malice murder, felony murder, and aggravated assault. The trial began on March 10, 1997, and the jury convicted Moore on the malice murder count. The trial court sentenced Moore to life imprisonment. Moore filed a pro se motion for out-of-time appeal which was granted on January 9, 2006. The case was docketed in this Court on March 31, 2006 and submitted for a decision on the briefs on May 22, 2006.

1. The evidence was sufficient to authorize rational jurors to conclude beyond a reasonable doubt that Moore was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The element of malice was not negated simply because defendant and the victim were fighting when defendant fired the fatal shots. See *Blair v. State*, 245 Ga. 611, 614 (266 SE2d 214) (1980) (whether killing is malicious is a question for the jury to be decided from all the facts and circumstances); *Carson v. State*, 80 Ga. 170, 173 (5 SE 295) (1887) (malice is the motive present at the time of the killing).

2. Moore contends that the trial court erred when it allowed the State to continue its closing argument after the prosecutor made statements that invaded the province of the jury. However, he did not object to the closing argument at trial and, therefore, did not obtain a ruling from the trial court. Moore's failure to object to the prosecutor's closing argument at trial waived his right to rely on the allegedly inappropriate statements as a basis for reversal. *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).

3. Moore contends that the trial court erred in failing to charge the jury that it should not concern itself with punishment, but only with the guilt or innocence of the accused. However, this claim is without merit. The trial judge explicitly instructed the jury in that manner.

4. Moore contends that his counsel's performance was ineffective and resulted in denial of his constitutional rights; however, this claim is procedurally barred. After an out-of-time appeal has been granted, a defendant's new appellate counsel must file a motion for new trial, in which an ineffective assistance of counsel claim is raised, in order to assert an ineffectiveness claim on appeal. *Maddox v. State*, 278 Ga. 823, 827 (5) (607 SE2d 587) (2005); *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995). Moore's failure to file a motion for new trial raising the claim of ineffective assistance of trial counsel bars review of that claim in this court.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2006.

*Mark T. Phillips*, for appellant.

*Kenneth B. Hodges III*, District Attorney, *Thurbert E. Baker*, Attorney General, *Robin J. Leigh*, Assistant Attorney General, for appellee.