## S10A1935. CLEMONS v. THE STATE.

(704 SE2d 762)

CARLEY, Presiding Justice.

After conducting a bench trial, the trial court found Appellant Dennis Clemons guilty of the malice murder of Shirley Hunt, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on its findings of guilt and sentenced Appellant to life imprisonment for murder and to consecutive five-year terms for the weapons charges. Appellant filed an untimely pro se motion for new trial. After an appearance by new counsel and a hearing, that motion was denied. Appellant subsequently filed a notice of appeal which this Court dismissed. Thereafter, the trial court granted an out-of-time appeal and Appellant timely filed a second notice of appeal.*

1. Construed most strongly in support of the findings of guilt, the evidence shows that Appellant's wife Dorothy Mae Clemons separated from him on June 28, 2008 and eventually moved in with her sister Ms. Hunt. Appellant was upset, having previously threatened to hunt Ms. Clemons down if she ever left him. On July 31, 2008, Tommy Hampton drove Appellant to the victim's home for him to drop off some of Ms. Clemons' mail. Appellant went to the door and entered the house, and gunshots were heard. The victim called her boyfriend, telling him that Appellant had shot her. Appellant left the house without the mail and threatened to kill Hampton and his mother if he said anything about what had happened. Letters to Appellant and his wife were found next to the victim's body. Appellant owned a 9-mm pistol, and ammunition matching the 9-mm shell casings recovered from the scene was found at his home. During a jail intake interview to assess any special housing needs, Appellant volunteered that he shot the victim because she was meddling in his marriage. Appellant had been convicted of voluntary manslaughter in 1975. The evidence was sufficient to authorize a rational trier of fact to find that Appellant was guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

* The crimes occurred on July 31, 2008, and the grand jury returned an indictment on December 10, 2008. The trial court found Appellant guilty on May 1, 2009 and entered the judgments of conviction and sentences on May 6, 2009. The untimely motion for new trial was filed on August 5, 2009, amended on October 23, 2009, and denied on February 24, 2010. Appellant filed the first notice of appeal on March 4, 2010, and this Court dismissed that appeal on June 28, 2010. The trial court granted an out-of-time appeal on July 23, 2010, and Appellant filed the second notice of appeal on July 27, 2010. The case was docketed in this Court for the September 2010 term and submitted for decision on the briefs.

2. Appellant contends that the trial court erred in finding that an eight-year-old child who was present at the victim's home during the shooting was competent to testify. Although the trial court made the standard inquiry to determine the child's competence as a witness, Appellant "neither requested this inquiry nor objected to the trial court's determination, and thus waived any objection concerning [the child's] competency. [Cits.]" *Kelly v. State*, 181 Ga. App. 605, 606 (1) (353 SE2d 92) (1987). See also OCGA § 24-9-7 (b); *Castillo v. State*, 178 Ga. App. 312, 313 (4) (342 SE2d 782) (1986); *Keasler v. State*, 165 Ga. App. 561 (1) (301 SE2d 915) (1983). Moreover, Appellant argues only that the child did not understand the nature of the oath or the importance of telling the truth. Therefore, Appellant's "contention . . . is without merit, as OCGA § 24-9-5 (b) excepts a child from such a competency challenge. [Cit.]" *Jeffries v. State*, 272 Ga. 510, 513 (6) (530 SE2d 714) (2000). See also *Norton v. State*, 263 Ga. 448, 450 (3) (435 SE2d 30) (1993).

3. The untimely motion for new trial raised a claim that original counsel provided ineffective assistance during the trial. Appellant now raises that same claim in this appeal.

"Although [Appellant] did file his notice of appeal within 30 days of the denial of his motion for new trial, that motion was void because he did not file it within 30 days of the entry of the conviction and imposition of the sentence. [Cits.]" *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999). See also *Wicks v. State*, 277 Ga. 121 (587 SE2d 21) (2003). "Since the motion was void, there was no error in denying it." *Harrison v. Harrison*, 229 Ga. 692 (2) (194 SE2d 87) (1972). "Therefore, we affirm as to all alleged errors that are premised on the denial of the [void] motion for new trial. [Cit.]" *Dae v. Patterson*, 295 Ga. App. 818, 819 (1) (673 SE2d 306) (2009).

Once that void motion for new trial was denied, the subsequent grant of an out-of-time appeal could no longer render the motion merely premature. Compare *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003) (where grant of out-of-time appeal rendered a prior void motion for new trial one which was premature, and the motion was only thereafter denied). Thus, appellate counsel was required to "file a motion for new trial, in which an ineffective assistance of counsel claim is raised, in order to assert an ineffectiveness claim on appeal. [Cits.]" *Moore v. State*, 280 Ga. 766, 767 (4) (632 SE2d 632) (2006). However, appellate counsel never filed such a motion, even though she requested leave to file an out-of-time motion for new trial and the trial court granted permission either to file a second motion for new trial or to pursue an appeal.

> The fact that the trial court had denied [A]ppellant's [void] motion for new trial prior to granting the out-of-time appeal

did not preclude [A]ppellant from filing a second motion for new trial raising the issue of ineffective assistance of trial counsel. [Cit.] The failure to file a [valid] motion for new trial raising the claim of ineffective assistance of trial counsel bars review of that claim at this time.

*Maddox v. State*, 278 Ga. 823, 827 (5) (607 SE2d 587) (2005). See also *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995).

4. Appellant also contends that trial counsel rendered ineffective assistance after conviction by failing to file a motion for new trial or a notice of appeal. However, an out-of-time appeal is the remedy where a right of direct appeal has been frustrated as a result of ineffective assistance of counsel. *Hudson v. State*, 278 Ga. 409 (1) (603 SE2d 242) (2004); *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Since Appellant was given permission to file this out-of-time appeal, the issue is moot. *West v. Hopper*, 232 Ga. 830 (209 SE2d 310) (1974). See also *McGee v. State*, 255 Ga. App. 708, 714 (2) (h) (566 SE2d 431) (2002).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2011.

*Harold W. Wallace III*, for appellant.

*Dennis C. Sanders, District Attorney, Kevin R. Majeska, Durwood R. Davis, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.