[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15757
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00119-WLS-TQL


ANTONIO MOORE,

Petitioner-Appellant,

versus

DAVID FRAZIER,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 31, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Antonio Moore, a Georgia prisoner serving a life sentence, appeals *pro se* from the district court's dismissal of his petition for a writ of habeas corpus, under 28 U.S.C. § 2254, as untimely filed under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 101 Stat. 1214 (1996). On appeal, Moore contends that he is entitled to equitable tolling of the limitation period and that he is actually innocent of the offense. After careful review, we affirm.

## I.

Moore is a Georgia prisoner who was sentenced to life imprisonment in 1997 after a jury found him guilty of malice murder. Moore was granted leave to file an out-of-time direct appeal, and he appealed his criminal conviction in 2006. On July 13, 2006, the Supreme Court of Georgia affirmed his conviction. *Moore v. State*, 632 S.E.2d 632 (Ga. 2006). On January 22, 2008, Moore filed a *pro se* state habeas corpus petition, which was denied in June 2011, and the Supreme Court of Georgia denied Moore's application for a certificate of probable cause to appeal that decision in January 2012.

In July 2012, Moore filed a *pro se* federal petition for a writ of habeas corpus, 28 U.S.C. § 2254, in which he raised six claims, alleging ineffective assistance of trial and appellate counsel as well as due-process and equal-protection violations. The State moved to dismiss the § 2254 petition as time

2

barred.  Moore responded that he had been diligently pursuing his rights and that his trial and appellate counsel's ineffectiveness should excuse his belated filing.

A magistrate judge agreed with the State and recommended that Moore's § 2254 petition be dismissed as untimely.  The district court adopted the magistrate judge's recommendation, dismissed the petition, and denied Moore a certificate of appealability ("COA").  Judgment was entered dismissing Moore's § 2254 petition on June 27, 2013.  This appeal followed.

This Court, finding that Moore had made a substantial showing of the denial of his Fourteenth Amendment rights to due process and equal protection and of his Sixth Amendment right to effective assistance of counsel, granted a COA on whether Moore was entitled to have the merits of his claims considered despite the untimeliness of his § 2254 petition.

## II.

We first address the State's contention that we lack appellate jurisdiction because Moore's notice of appeal is untimely.  In a civil case, the timely filing of a notice of appeal is a jurisdictional requirement.  *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).  The notice of appeal generally must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). Under the "prison mailbox" rule, a *pro se* prisoner's court filings are deemed filed on the date they are delivered to prison authorities for mailing to the district court.

*United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012); *see* Fed. R. App. P. 4(c)(1). In the absence of evidence to the contrary, we assume that a prisoner's filing was delivered to prison authorities on the date he signed it. *Glover*, 686 F.3d at 1205.

Moore did not submit the notice of appeal giving rise to this appeal until October 2, 2013, over thirty days after entry of judgment on June 27, 2013. Therefore, this appeal must be dismissed unless another document filed by Moore may serve as the equivalent of a timely notice of appeal. *See Green*, 606 F.3d at 1300-02; *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-79 (11th Cir. 2001) (holding that a *pro se* litigant's court filing may be construed as a notice of appeal so long as it is the "functional equivalent" of what is required by Rule 3, Fed. R. App. P., and objectively indicates the litigant's intent to seek appellate review).

Here, we construe Moore's motion for leave to appeal *in forma pauperis* ("IFP motion"), received by the district court on July 31, 2013, as a timely notice of appeal from the final judgment. We have held that the timely filing of papers such as these are the equivalent of a notice of appeal so long as they "clearly evince the intent to appeal." *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984) (construing a motion for declaration of pauper status and an affidavit in support of a motion to proceed on appeal *in forma pauperis* as a notice of appeal). The IFP motion is timely to appeal because we assume that Moore, a

4

prisoner, delivered the motion to prison authorities on the date he signed it—July 22, 2013—which was within 30 days after entry of judgment.  *See Glover*, 686 F.3d at 1205; Fed. R. App. P. 4(a)(1)(A).  And the motion clearly indicates Moore's intent to appeal the judgment.  *See Haney*, 744 F.2d at 1472. Accordingly, we have jurisdiction to consider Moore's appeal.

## III.

We review a district court's dismissal of a petition for a writ of habeas corpus *de novo*.  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002). We likewise review *de novo* a district court's legal decision on equitable tolling. *Id.*  However, we review the district court's factual findings for clear error.  *Id.*

## IV.

Moore contends that the untimeliness of his § 2254 should be excused under the circumstances, which, he explains, are as follows.  First, he asserts, his trial counsel failed to file a direct appeal in the underlying criminal case.  Then, when he later was allowed to file an out-of-time appeal, Moore explains, his appointed appellate counsel, Mark Phillips, filed only what Phillips considered to be an *Anders*[1] brief, resulting in the Supreme Court of Georgia's finding that Moore's

---

[1]  *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) (holding that counsel may seek to withdraw from representation by filing a brief showing that an appeal is "wholly frivolous").

claims of ineffective assistance of trial counsel were procedurally barred.[2]  Further, Moore asserts, Phillips did not provide Moore with the legal documents for his case until December 2006 (around two months after the end of the 90-day period to file a petition for a writ of certiorari), nor did Moore receive all of the documents for his case until December 2009.

Thereafter, according to Moore, his family hired another attorney, Terry Marlowe, to review the case documents and identify potential bases for a habeas-corpus challenge.  However, Moore states, Marlowe did not respond until after the federal limitation period had expired on October 11, 2007, and Marlowe's October 22, 2007, letter mentioned the four-year limitation period under Georgia state law only, not any federal time limit.  Moore also asserts that he could not have filed a timely petition *pro se* during the time that he was represented by counsel.

Under the AEDPA, habeas petitions under § 2254 are subject to a one-year statute of limitations that begins to run on the latest of four triggering events.  *See* 28 U.S.C. § 2244(d)(1).  Here, the relevant trigger was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review."  *Id.* § 2244(d)(1)(A).  There is no dispute that Moore's § 2254 petition was filed beyond the one-year time limit.

---

[2]  The Supreme Court of Georgia found that review of Moore's claims of ineffective assistance of counsel was procedurally barred because such claims first needed to be raised in a motion for new trial.  *See Moore*, 632 S.E.2d at 633.

6

However, the district court may still review the merits of an untimely § 2254 petition if the petitioner shows that he is entitled to equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). To do so, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). In proving an "extraordinary circumstance," a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267. The petitioner has the burden of proving that circumstances justify applying the equitable-tolling doctrine. *Id.* at 1268.

Here, Moore has not shown that he is entitled to equitable tolling. Although Moore's trial counsel may have been ineffective in depriving Moore of the opportunity to file a meritorious direct appeal, Moore was later allowed to file an out-of-time appeal. The Supreme Court of Georgia's resolution of Moore's direct appeal on July 13, 2006, restarted the limitation period under the AEDPA. *See* 28 U.S.C. § 2244(d)(1)(A); *San Martin*, 633 F.3d at 1265-66. As a result, trial counsel's ineffectiveness did not affect Moore's ability to file a timely § 2254 petition because it occurred before the relevant limitation period began to run.

Similarly, appellate counsel Phillips's filing of an *Anders* brief and failure to return the records of Moore's case to him until December 2006 did not prevent Moore from timely filing his § 2254 petition.  At most, Phillips's actions deprived Moore of a little over two months of preparation time, but the return of the records still occurred well before the end of the one-year limitation period in October 2007.  Further, periods in which a prisoner is separated from his legal papers are generally not extraordinary circumstances for which equitable tolling is appropriate.[3]  *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004). Thus, there is no causal connection between these allegedly extraordinary circumstances and the late filing of the petition that would justify equitable tolling. *See San Martin*, 633 F.3d at 1267.

In addition, with respect to Marlowe, the attorney retained to review Moore's case for a potential habeas-corpus challenge, Moore has not shown that an extraordinary circumstance prevented his timely filing.  Moore alleges that his family retained Marlowe during the one-year federal limitation period, that counsel failed to advise him of the federal deadline, and that, by not responding until after that deadline had passed, counsel effectively precluded him from filing for federal habeas-corpus relief.

---

[3]  The same goes for Moore's assertion that he did not receive all of his legal documents for his case until 2009.  Nor does Moore explain what documents were missing or how they affected his preparation.  And it is clear that Marlowe was able to conduct a review of his case in 2007 with the materials available.

8

But we are bound by our precedent holding that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014). Examples of such "attorney negligence" include the following: "an attorney's miscalculation of the filing deadline, inadvertent failure to file a § 2254 petition on time, or failure to do the requisite research to determine the applicable deadline." *Id.* at 484-85 (internal quotation marks omitted). Rather, a petitioner must show "abandonment of the attorney-client relationship" to warrant equitable tolling. *Id.* at 481.

Moore's allegations, construed liberally, show no more than that Marlowe negligently failed to inform Moore of the federal deadline and to respond before the deadline had passed. *See id.* at 484-85. It is also noteworthy that Moore does not allege that Marlowe was retained to represent Moore in a habeas-corpus proceeding. Instead, according to Marlowe's October 22, 2007, letter, Marlowe was retained by Moore's family solely "to review [Moore's] case and give [Marlowe's] opinion" as to the availability of issues to raise in a potential habeas-corpus proceeding.[4] By sending Moore a letter outlining those issues, it appears that Marlowe fulfilled the narrow objective of their relationship. Therefore,

---

[4] The letter concludes by indicating that Marlowe believes that his work is complete and by directing Moore to contact him to make financial arrangements if Moore wishes to retain Marlowe to proceed with a petition.

9

without answering the question of whether abandonment by an attorney not retained to represent a petitioner in a habeas-corpus proceeding can be an "extraordinary circumstance" for equitable tolling, we conclude that Moore has not shown that Marlowe abandoned him.

To the extent that Moore argues that he could not have known about the federal deadline without Marlowe's assistance, his argument is understandable but unavailing. We have stated that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness" (quoting *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 1582 (2005))).

Finally, Moore has not shown that he is entitled to have the untimeliness of his § 2254 petition excused based on actual innocence. A district court may entertain an untimely § 2254 petition where the petitioner asserts a credible claim of actual innocence. *See San Martin*, 633 F.3d at 1267-68; *see also Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012). This exception

10

applies to "cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin v. Perkins*, 569 U.S. ___, ___, 133 S. Ct. 1924, 1933 (2013) (internal quotation marks omitted). Here, Moore argues only that the evidence presented at trial was insufficient to convict and that the state court failed to instruct the jury on self-defense. But he has presented no "new reliable evidence" showing that it is more likely than not that no reasonable jury would have convicted him of malice murder. *See Rozzelle*, 672 F.3d at 1000, 1017. Therefore, Moore is not entitled to have the untimeliness of his § 2254 petition excused based on the actual-innocence exception.

## V.

In sum, we affirm the district court's dismissal of Moore's § 2254 petition as time barred.

**AFFIRMED.**