19583.   HILL *v.* BALKCOM, Warden.

ARGUED JANUARY 15, 1957—DECIDED FEBRUARY 11, 1957—
REHEARING DENIED FEBRUARY 25, 1957.

*J. E. B. Stewart,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General, J. Max Cheney, Deputy Assistant Attorney-General, George Hains, Solicitor-General,* contra.

ALMAND, Justice.   The judgment under review is one refusing to discharge the plaintiff in error after a hearing on his petition for writ of habeas corpus.   In his petition, plaintiff asserted that he was being unlawfully and illegally restrained of his liberty by

the respondent, the Warden of the Georgia State Penitentiary, in violation of his rights under the Sixth and Fourteenth Amendments of the Constitution of the United States, and under (a) paragraph 2, Code (Ann.) § 2-102, (b) paragraph 3, Code (Ann.) § 2-103, and paragraph 5, Code (Ann.) § 2-105, of article 1, section 1 of the Constitution of Georgia, in that he did not have the assistance or benefit of counsel in the trial of the case in which he was convicted of murder, and that he was thereby denied due process of law. The general charge as to the lack of representation by counsel was: "that counsel appointed to represent him was either so ignorant, inexperienced, or grossly lacking in appreciation of his responsibilities as to amount to virtually no representation, and that accordingly petitioner was not given the full benefit of his right to counsel. Petitioner further shows that counsel appointed to represent him was so ignorant, negligent, or unfaithful that petitioner was virtually unrepresented and did not in any real or substantial sense have the aid of counsel and that he was thereby denied due process of law." The specific allegations in support of this general allegation were: (a) the failure of counsel to call character witnesses in his behalf at the trial of the case, and (b) the failure of counsel to move for a change of venue.

The record discloses that Hill was indicted for murder on October 21, 1954; that, on his trial, he was found guilty and sentenced to death; that his motion for new trial was denied by the trial court, and this judgment was affirmed by this court. *Hill* v. *State*, 211 *Ga.* 683 (88 S. E. 2d 145). Hill subsequently filed his extraordinary motion for new trial, which the trial judge refused to sanction, and this court refused to issue a mandamus nisi requiring the trial judge to sanction this motion.

■ On the question of whether Hill was virtually without the benefit of counsel on his original trial, the evidence before the habeas corpus court shows without conflict that Mr. McGahee, the attorney who represented him on his trial, was first appointed by the court and was subsequently employed by Hill's father and paid a fee; that McGahee represented him at the commitment hearing, and on the trial of his case; that, after his conviction, the law firm of Harris, Chance and McCracken was employed and assisted McGahee in his motion for new trial and the appeal to this court, in his extraordinary motion for new trial, and in his

application for clemency before the State Board of Pardons and Paroles.

The record before us discloses that McGahee was a member of the bar in good standing, which is prima facie proof of his competency as an attorney, and that he gave his client complete loyalty, served him in good faith to the best of his ability, and that such service was of a character to preserve the essential integrity of the trial court. The evidence not only authorized but in fact demanded a finding by the trial court that counsel's representation met the requirements of due process. See *Jones* v. *Balkcom*, 210 *Ga.* 262 (79 S. E. 2d 1), *Fields* v. *Balkcom*, 211 *Ga.* 797 (89 S. E. 2d 189), and the citation of authorities therein.

■ "It is not every erroneous exclusion of evidence that will suffice to reverse a judgment, and a case will not be reversed for error in the rejection of evidence unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. It is for the reviewing court to determine whether prejudice has resulted; and if such exclusion did not prejudice the complaining party, and could not have affected the result, the error is harmless." *Hall* v. *State*, 202 *Ga.* 619, 620 (44 S. E. 2d 234). See also *Lewis* v. *Adams*, 61 *Ga.* 559 (4), and *Rountree & Co.* v. *Gaulden*, 123 *Ga.* 449 (4) (51 S. E. 346). The eleven special assignments of error in the bill of exceptions relate to the rejection of evidence offered by the petitioner. All of these relate to matters that occurred before and during the trial of the original case. We have carefully examined the excluded evidence and are of the opinion that, if all of the rejected evidence had been admitted and considered by the court, a different judgment from the one rendered would not have been authorized. Consequently, the rejection of the evidence, even if erroneous, was harmless.

For no reason assigned did the trial court err in remanding the petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*