## 65063. KEASLER v. THE STATE.

SHULMAN, Chief Judge.

While on probation for a previous offense, appellant was accused of two incidents of child molestation. Following an evidentiary hearing conducted pursuant to a petition to revoke appellant's probation, the trial court entered an order requiring that appellant serve the remainder of his probated sentence.

1. In two enumerations of error, appellant argues that the trial court erred in permitting the two complaining witnesses to testify. That argument is based on a contention that the two girls, ages 9 and 13, were incompetent to testify due to their infancy. There was no objection on that ground in the trial court, so no issue regarding the witness' competency is properly before this court. OCGA § 24-9-7 (Code Ann. § 38-1601). *Smith v. State,* 144 Ga. App. 579 (2) (241 SE2d 465).

2. Appellant's remaining enumerations are on the general grounds. " '[T]he quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance, and where there is even slight evidence of misconduct the appellate court will not interfere with revocation unless there has been manifest abuse of discretion.' [Cit.]" *Johnson v. State,* 142 Ga. App. 124, 126 (235 SE2d 550).

Though the evidence in this case was not overwhelming, the record does not show an abuse of discretion by the trial court. Accordingly, the judgment of that court is affirmed.

*Judgment affirmed. Deen, P. J., Quillian, P. J., McMurray, P. J., Banke, Birdsong, Sognier and Pope, JJ., concur. Carley, J., dissents.*

DECIDED FEBRUARY 28, 1983.

*Douglas D. Slade, Julian M. Treadway, Alfred Johnson,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.

CARLEY, Judge, dissenting.

I respectfully dissent to the judgment of the majority affirming the conviction and to the reasons therefor, because I believe that this case should not be considered on its merits, but should be dismissed because of mootness. The procedural chronology of this case is almost identical to that present in *Baker v. State,* 240 Ga. 431 (241 SE2d 187) (1978) in that, here, the "[n]otice of appeal was filed in the trial court

on [June 24, 1982]. The record was docketed in this court on [August 13, 1982] and the defendant's enumerations of error and brief were routinely filed on [September 20, 1982], *albeit after the defendant was released from confinement on [September 8, 1982]." Baker v. State,* supra (Emphasis supplied.) As did the Supreme Court in *Baker,* we should "decline to reach the merits of this appeal because the defendant has not demonstrated any efforts to expedite the appeal, preparation of record, etc., and has not shown, on this record, adverse collateral consequences as in *Parris v. State,* 232 Ga. 687, 689 (208 SE2d 493) (1974)." *Baker v. State,* supra. I would dismiss the appeal and, therefore, I dissent.