### 74756. NEWBERRY v. THE STATE.
(361 SE2d 499)

DEEN, *Presiding Judge.*

Carl Watson Newberry appeals from his conviction of child molestation following the denial of his motion for a new trial. The evidence showed that the four-year-old daughter of his brother's girl friend contended that in October of 1985 he had "messed" with her at the pig's house" and that he "licked (her) bottom" while holding on to her, put his tongue in her bottom and his "hickey" in her bottom. The child did not call for help because "the wild dogs would have gotten me," and she could not get away from the defendant because "he held me down." The trial court determined that the child was competent to testify and during her testimony she utilized anatomically correct male and female dolls to show how Newberry had "done it." She apparently reported the incident to her mother's boyfriend and his mother, but they took no action. Approximately six months later, the child's mother reported the incident to the police. A child protective services worker with the Department of Family and Childrens Services (DFCS) testified that she conducted a videotaped interview with the child three days after the incident was reported to the police. The child's foster parents testified that during May of 1986 the child, without any prompting or encouragement, described the molestation to them while they were driving in the car.

1. Newberry first contends that the court below erred in permitting the child's videotaped statement to be admitted into evidence without first finding "necessity" for the use of the statement.

OCGA § 24-3-16 provides that "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."

Contrary to appellant's assertion OCGA § 24-3-16 does not require the court to make a finding of necessity before admitting such a statement into evidence. Prior consistent statements of a witness who takes the stand and is subject to cross-examination are admissible as substantive evidence. See *Richardson v. State*, 256 Ga. 746 (353 SE2d 342) (1987); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). OCGA § 24-3-16 is a codification of this rule as applied to children who have been abused or molested and are under the age of 14 and permits a child to give a statement, shortly after an incident occurs, in a non-threatening atmosphere. The transcript shows that the child was available for cross-examination as required by the statute. Her veracity was tested by the cross-examination of the DFCS employee and her foster parents. Appellant's reliance upon *Ohio v. Roberts*, 448 U. S. 56 (100 SC 2531, 65 LE2d 597) (1980), is misplaced, as the facts are quite different from those in the instant case. In that case, the prosecution offered the former testimony of an unavailable witness whose unavailability was clearly shown, and the court found that her prior testimony bore a sufficient indicia of reliability. Unlike certain problems envisioned in *Ohio v. Roberts,* OCGA § 24-3-16 protects the defendant's constitutional right of confrontation by affording defendant the dual protection of requiring both the availability of the witness and a sufficient indicia of reliability.

In his brief appellant argues that his right of confrontation under the United States and Georgia Constitutions is violated because the court below failed to make a finding of necessity before admitting the videotape into evidence. The enumeration in question does not address this constitutional issue. Enumerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration. *Scott v. State*, 177 Ga. App. 474 (339 SE2d 718) (1985).

2. The trial court correctly held that the child's videotaped statements were surrounded by a sufficient indicia of reliability to be admitted into evidence. The mechanical capability of the videotaping equipment and the accuracy of the tape was shown; the operator was proved to be competent; the authenticity of the videotape was established; the tape was dated; the manner in which the tape was preserved was shown; the speakers were identified on the tape; and the testimony was shown to be voluntarily elicited without any kind of duress. As all of the requirements for the admission of an audiotape

were met in this case as they are set forth in *Brooks v. State*, 141 Ga. App. 725, 734 (234 SE2d 541) (1977), it was admissible into evidence. The fact that it was made several months after the alleged incident does not, in and of itself, make the statement unreliable. The court considered the atmosphere and circumstances under which it was made, the spontaneity of the child's statements to the interviewer, and the child's general demeanor in making its ruling upon the reliability of the statement. We find no merit in this enumeration.

3. As the videotape of the child's statement was admissible into evidence, there is no merit in appellant's assertion that the trial court erred in permitting the jury to view it. Before it was shown to the jury, a proper foundation was laid for its introduction into evidence as the DFCS worker who participated in making the tape testified as to her qualifications and stated the reason for making the tape, the conditions under which it was made and its accuracy. She was then extensively cross-examined by defense counsel.

4. There is no requirement that the trial court must determine competency of a child witness during an investigative interview before the substance of that interview can be admitted into evidence. OCGA § 24-9-7 contemplates only that a small child be found competent to testify at trial and this code section has no applicability to out-of-court statements.

5. As the child was present at trial, testified and was cross-examined, the recent holding in *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987) is not applicable.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987.

*Frank Armstrong III*, for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.