### A90A0029. CROY v. THE STATE.
(393 SE2d 756)

COOPER, Judge.

Appellant was found guilty by a jury of driving under the influence of alcohol, driving while his license was suspended, attempting to elude a police officer and speeding. He appeals from the denial of his motion for new trial on the ground of newly discovered evidence.

Appellant testified at the motion hearing that he searched diligently prior to trial to locate two other persons who were in the car with him at the time of his arrest to testify that he was not the driver but apparently got into the driver's seat after the car was wrecked following a police chase. Upon his conviction and release from jail on supersedeas bond he was able to locate these witnesses, one of whom appeared personally at the hearing and the other who provided an affidavit. The trial court found that this was not evidence of which

appellant had become aware after trial; that he could have elected to testify in his own behalf at trial and offer the same information; and that such evidence was placed before the jury by means of cross-examination of the arresting officer and extensive closing argument on the subject. The trial court further noted that at his arraignment, appellant's attorney filed a demand for speedy trial, and thereafter both appellant and his attorney appeared at a pretrial status conference at which time his attorney indicated that the case was ready to proceed to trial. The trial court concluded that appellant had failed to establish two of the six elements necessary to secure a new trial in that the evidence was not newly discovered evidence since he had full knowledge of it at the time of trial, and his efforts to locate the witnesses prior to trial showed a want of due diligence.

"It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. [Cits.] All six requirements must be complied with to secure a new trial. [Cits.]" (Citations and punctuation omitted.) *Westbrook v. State*, 186 Ga. App. 493 (4) (368 SE2d 131) (1988). "Furthermore, motions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless his discretion is abused. [Cits.]" *Jefferson v. State*, 157 Ga. App. 324 (1) (277 SE2d 317) (1981).

Appellant knew the names of both witnesses prior to trial but did not issue subpoenas to compel their appearance nor did he request a continuance for additional time to locate the witnesses. To the contrary, appellant demanded a speedy trial and answered ready when the case was called to trial. Then, within three days of his release on bond, appellant was able to locate the witness who provided the live testimony at the hearing on the motion. Under such circumstances, the trial court did not abuse its discretion in denying the motion for new trial. *Curtiss v. State*, 165 Ga. App. 464 (302 SE2d 1) (1983). Appellant's reliance on *Bell v. State*, 227 Ga. 800 (183 SE2d 357) (1971) is misplaced.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MAY 2, 1990.

*Donald T. Wells, Jr.*, for appellant.

*Ken Stula, Solicitor*, for appellee.