A92A0436. NOLAN v. THE STATE.
(419 SE2d 72)

JOHNSON, Judge.
Marvin Wesley Nolan III (Nolan) appeals from his conviction of two counts of forgery in the first degree and the denial of his motion

for a new trial.

1. Nolan claims that there was insufficient evidence at trial to support the jury's verdict. We disagree.

The State introduced into evidence two stolen checks made payable to Nolan and endorsed in his name. Undisputed testimony showed that the checks were forged and cashed at a bank. The bank manager identified Nolan from a photographic lineup as the person who endorsed and cashed the checks. An expert in the examination of questioned documents testified that, based on handwriting comparisons, Nolan had in all probability endorsed the two checks. Reviewing all of the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Nolan guilty beyond a reasonable doubt of two counts of forgery in the first degree. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Nolan also contends that the trial court erred in denying his motion for a new trial based on newly discovered evidence. Nolan claims that at the time of trial he did not know the identity and whereabouts of the owner of a motor vehicle whose license tag number was written on the back of one of the forged checks. This argument is without merit.

"It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. All six requirements must be complied with to secure a new trial. Furthermore, motions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless his discretion is abused." (Punctuation and citations omitted.) *Croy v. State*, 195 Ga. App. 500, 501 (393 SE2d 756) (1991).

Nolan has made no showing that he did not know of the motor vehicle tag number written on the back of the check prior to trial. On the contrary, the record indicates that Nolan had actually seen the check prior to trial. Further, Nolan has failed to show that it was not owing to the want of due diligence that he did not follow up on this information to determine the identity and whereabouts of the owner of the vehicle prior to trial. As Nolan has failed to comply with all six of the requirements needed to secure a new trial, we find that the trial court did not abuse its discretion in denying his motion.

3. Nolan argues that he was denied effective assistance of counsel

at trial. Nolan asserts that his counsel did not fully develop the defense of mistaken identity, that he failed to cross-examine the State's witness as to her photographic identification of Nolan as the perpetrator and that he failed to question the State's handwriting expert as to the certainty of his conclusions. This enumeration of error is without merit.

To establish ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that this deficiency prejudiced the defense. *Timberlake v. State*, 200 Ga. App. 64, 68 (5) (406 SE2d 537) (1991). "Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by (former) counsel does not require a finding that defendant's original representation was inadequate." (Citations and punctuation omitted.) *Brenneman v. State*, 200 Ga. App. 111, 114 (2) (407 SE2d 93) (1991). In the instant case, contrary to Nolan's assertions, Nolan's trial attorney did present evidence to support a defense of mistaken identity, did cross-examine the State's witness as to her photographic identification of Nolan and did question the State's expert witness as to the certainty of his conclusions. The fact that Nolan and his present counsel now claim that they might have conducted these matters in a different manner does not require a finding that Nolan's trial counsel was ineffective. In fact, a review of the record on appeal indicates that the performance of Nolan's trial counsel clearly falls within the range of "reasonably effective assistance." *Brenneman v. State*, supra.

Moreover, no hearing was held on Nolan's motion for a new trial; thus, the record is devoid of any testimony from Nolan's trial attorney explaining his performance. "Trial strategy and tactics do not equate with ineffective assistance of counsel. . . . The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. Defendant did not subpoena his trial counsel to appear at the hearing on his motion for new trial. Thus, defendant made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy. . . . The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. The trial court's finding in the instant case is not clearly erroneous." (Citation and punctuation omitted.) *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 5, 1992.

*Robert L. Barr, Jr.*, for appellant.
*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.