A93A0087. MILLER v. THE STATE.
(430 SE2d 873)

Judge John W. Sognier.

Appellant was tried before a jury and found guilty of burglary. Pursuant to the grant of an out-of-time appeal, he appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Appellant enumerates the general grounds.

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. *Cox v. State*, 205 Ga. App. 375 (1) (422 SE2d 68) (1992); *Alexander v. State*, 200 Ga. App. 411 (1) (408 SE2d 485) (1991). The victim identified appellant as the stranger she discovered in her garage holding various items of her property who, when confronted, dropped the items and fled. " '(T)he presence of valuables inside the premises can support an inference of intent to steal (cit.), particularly when no

---

other motive is apparent. (Cit.)' " *Green v. State*, 158 Ga. App. 321 (1) (279 SE2d 763) (1981). A rational trier of fact could reasonably have found from the evidence adduced below proof of appellant's guilt beyond a reasonable doubt. *Green v. State*, supra. " ' "[T]he fact that [appellant] may have failed in accomplishing his apparent purpose does not render a finding of burglary improper. (Cits.)" (Cits.)' [Cit.]" *Prothro v. State*, 186 Ga. App. 836, 837 (1) (368 SE2d 793) (1988). The enumeration of the general grounds is without merit.

2. "The contention that trial counsel jeopardized appellant's right to appeal his [conviction] is obviously without merit. We have 'reached the merits of (this appeal). . . . Under these facts, there is no way in which the appellant could show . . . prejudice.' [Cit.] It follows that the trial court did not err in denying appellant's motion for new trial [on the ground of ineffective assistance of trial counsel]." *Southerton v. State*, 205 Ga. App. 366, 367 (422 SE2d 251) (1992).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 28, 1993.

*M. Byron Morgan*, for appellant.

*Robert E. Keller, District Attorney, Gina C. Naugle, Assistant District Attorney*, for appellee.