## A93A1511. HAMMOCK v. THE STATE.
(436 SE2d 571)

COOPER, Judge.

Joe Dennis Hammock was tried before a jury and found guilty of terroristic threats, in violation of OCGA § 16-11-37. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Investigating the possibility of an insanity defense, defense counsel arranged for Dr. Newkirk, a psychiatrist, to interview and evaluate appellant. Appellant made an incriminating statement dur-

ing this interview. Thereafter, appellant made a pretrial motion in limine to prohibit Dr. Newkirk from relating this incriminating statement to the jury, arguing that he had not been advised of his Fifth Amendment right not to incriminate himself before he was interviewed. At a *Jackson-Denno* hearing, Dr. Newkirk testified that at the outset of the interview, she reminded Hammock that he had the right not to participate and need not respond to any questions, and that anything he said would be reported and possibly testified to by her in court. Other evidence demonstrated that appellant previously had been warned of his rights by the police and by the magistrate. This motion in limine was overruled and the psychiatrist testified at trial. The trial court's evidentiary ruling that Hammock's statement was made freely and voluntarily is enumerated as error.

" 'A criminal defendant, who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence, may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding.' [*Estelle v. Smith*, 451 U. S. 454, 468 (101 SC 1866, 68 LE2d 359) (1981).] This statement logically leads to another proposition: if a defendant requests such an evaluation or presents psychiatric evidence, then, at the very least, the prosecution may rebut this presentation with evidence from the reports of the examination that the defendant requested. The defendant would have no Fifth Amendment privilege against the introduction of this psychiatric testimony by the prosecution. [Cits.]" *Buchanan v. Kentucky*, 483 U. S. 402, 422-423 (III A) (107 SC 2906, 97 LE2d 336) (1987). Since appellant "was given a full and proper Miranda warning at the time of his arrest, . . . it was not necessary to remind him (although the [psychiatrist] did so) that he need not answer any of the [psychiatrist's] questions before the . . . psychiatric examination. A full, separate, second warning was not necessary. [Cit.]" *Godfrey v. Francis*, 251 Ga. 652, 657 (5) (308 SE2d 806) (1983). See also *Moss v. State*, 250 Ga. 368, 370 (297 SE2d 459) (1982) (Hill, C. J., concurring specially.) The trial court did not err in determining that appellant's incriminating statement was freely and voluntarily made, even though the psychiatrist did not expressly warn him that anything he said could be used against him in a court of law.

2. As a special ground of his motion for new trial, appellant urged that trial counsel had failed to render reasonably effective assistance with respect to her handling of the psychiatric evaluation. The overruling of this motion is enumerated as error.

The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986). "We have reviewed the transcript of that hearing (at which trial counsel testified [and defended her actions]) and find suf-

ficient evidence to support the trial court's conclusion that [appellant] failed to show ineffectiveness under the standards of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). [Cit.]" *Scott v. State*, 263 Ga. 300 (2) (432 SE2d 107) (1993).

3. Appellant enumerates the general grounds.

"A person commits the offense of a terroristic threat when he threatens to commit any crime of violence. OCGA § 16-11-37 [(a)]." *Carver v. State*, 258 Ga. 385, 386 (1) (369 SE2d 471) (1988). " '[W]hen the communication of a threat is done to terrorize another, the crime of terroristic threats is complete[.]' . . . [Cit.]" *Wilson v. State*, 151 Ga. App. 501, 503 (6) (260 SE2d 527) (1979). "Direct evidence that the threats were made for the purpose of terrorizing another is not necessary if the circumstances surrounding the threats are sufficient for a jury to find the threats were made for such a purpose. [Cit.]" *Boone v. State*, 155 Ga. App. 937, 939 (2) (274 SE2d 49) (1980). The victim, appellant's uncle, held various assets in trust for the use of appellant and the evidence revealed that the two quarreled frequently over money. Appellant had previously shot his uncle in the shoulder with a shotgun. Appellant admitted to the psychiatrist that he had anonymously mailed his uncle an envelope with a spent shotgun shell in it. From this evidence, a rational trier of fact could reasonably have found appellant guilty of committing a terroristic threat beyond a reasonable doubt. The enumeration of the general grounds is without merit.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 12, 1993.

*Carla J. Friend*, for appellant.

*Lewis R. Slaton, District Attorney, Robert A. Weathers, Barry I. Mortge, Assistant District Attorneys*, for appellee.