## A93A1832. SHAW v. THE STATE.
(440 SE2d 245)

COOPER, Judge.

Robert Leon Shaw was tried before a jury and found guilty of three counts of burglary. A motion for new trial was denied, and he appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdicts of guilt and the denial of his motion for new trial.

1. The general grounds are enumerated as to each conviction.

Viewed in the light most favorable to the verdict, the evidence adduced below would authorize the following: In the mid-morning hours of October 10, 1991, the home of Ernest Barton was burglarized. Jewelry and a VCR were taken while other portable valuables were left undisturbed. Appellant was identified as the man seen running from the back door of Mr. Barton's home. He jumped into a small black car, Georgia tag number HKD 591, and drove off. On October 16, Officer Clark of the Bartow County Sheriff's Department investigated two reported daytime burglaries at adjacent homes on Dean Road. Cathy Porter Jones identified appellant as the strange man she found in her home holding her VCR and a jewelry box in his hands. The door had been forced open. After grappling with Ms. Jones, appellant drove off in a black automobile, Georgia tag number HKD 591. Dot Hall testified that her home, next to Ms. Jones' residence, also had been burglarized that morning. The door had been similarly forced and jewelry and a VCR were missing. The next day, police located a black vehicle with the tag number HKD 591. This vehicle was registered to a Ronnie Reynolds and had been reported stolen as of October 16, 1991. Inside of this vehicle were articles of jewelry identified by Ms. Jones as items stolen from her home in the burglary of October 16.

As to the burglaries of the Barton and Jones' residences, where appellant was caught red-handed by eyewitnesses, the evidence adduced below was sufficient to authorize a rational trier of fact reasonably to find proof of appellant's guilt beyond a reasonable doubt. *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873) (1993); *Wooten v. State*, 160 Ga. App. 747 (3) (288 SE2d 94) (1981). As to the intervening burglary of the Hall residence, the evidence is entirely circumstantial. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. In this case, no one saw appellant enter the Hall residence, there is no fingerprint evidence establishing appellant's presence inside the residence, and none of the items stolen from the home were discovered in appellant's possession. It is undisputed, however, that the Hall residence was subject to an unauthorized and forcible entry during which a VCR and some jewelry were stolen. The jury was authorized to find that appellant had the opportunity to burglarize the Hall residence, since they believed beyond a reasonable doubt that appellant burglarized the adjacent Jones' residence that same morning. The modus operandi, whereby appellant kicked in the door and stole only VCR's and jewelry during the rash of mid-morning burglaries, leaving items which had been neatly placed to one side of the VCR, is in the nature of a signature and thus is some evidence of the identity of the perpetrator of the

Hall burglary. *Felker v. State,* 252 Ga. 351 (1a) (314 SE2d 621) (1984). The circumstantial evidence in this case is sufficient to authorize an inference of guilt which excludes any reasonable hypothesis that anyone other than appellant committed the Hall burglary. Id. at 360 (1a). The general grounds are without merit.

2. As a special ground for new trial, appellant urged the ineffectiveness of trial counsel arising out of the following circumstances: As part of its case-in-chief, the State had the eyewitnesses recount for the jury their identification of appellant from a photographic line-up. The exhibits of the photographic array were edited by the State to delete any showing of police identification numbers as part of the mug shots. However, when defense counsel sought to cross-examine the eyewitnesses, he did so with a series of photographic arrays, including an exhibit which had not been so edited when tendered as a defense exhibit. Appellant contends that trial counsel unprofessionally placed his character in issue and enumerates as error the overruling of his motion for new trial on this ground. The State responds that this was induced error.

Although the State appears to concede that trial counsel's use of the unedited photographic line-up is professional error, we agree with the trial court that, in this instance, the substance of the matter is more properly analyzed as trial tactics and strategy. A passing reference to the fact that the accused has been arrested does not place his character in issue. *Miller v. State,* 260 Ga. 191 (11) (391 SE2d 642) (1990). This defense exhibit, a picture of appellant *with a police identification number,* likewise is *not* evidence of a prior conviction and so did not place appellant's character in evidence. *Little v. State,* 135 Ga. App. 772 (1) (219 SE2d 19) (1975). The use of this exhibit for such patently legitimate purposes of cross-examination is not any evidence that trial counsel's conduct fell below that standard of reasonably effective assistance which members of the bar in good standing are presumed to render, as that right to effective assistance is protected by both the Georgia and federal constitutions. *Hill v. Balkcom,* 213 Ga. 58 (1) (96 SE2d 589) (1957). The trial court correctly denied appellant's motion for new trial on the ground of ineffective assistance of trial counsel. See generally *Kight v. State,* 181 Ga. App. 874 (3) (354 SE2d 202) (1987).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED JANUARY 12, 1994.

*T. Neal Brunt,* for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assis-*

*tant District Attorney*, for appellee.