## A94A0012. WHITE v. THE STATE.
(445 SE2d 309)

McMURRAY, Presiding Judge.

Indicted for child molestation, defendant was tried before a jury and found guilty of that charge. After the denial of his motion for new trial, defendant appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilty. *Held:*

1. Complaining that the trial court failed to conduct the admissibility hearing mandated by Uniform Superior Court Rule (USCR) 31.3 (B), defendant first enumerates as error the admission into evidence of testimony relating to his alleged commission of a similar prior criminal transaction. The record shows that pursuant to USCR 31.1, the State gave written notice of its intent to introduce evidence that in 1989 defendant had similarly molested another child. However, there is no indication that the trial court conducted a hearing pursuant to USCR 31.3 (B). Nonetheless, this similar transaction evidence was admitted over hearsay objections. Although defendant did not object at trial on the ground that the trial court failed to conduct a USCR 31.3 (B) hearing, he raised this issue at the hearing on his motion for new trial.

Relying on *Gilbert v. State,* 208 Ga. App. 258, 262 (3), 263 (430 SE2d 391), the State urges that defendant has waived any error by failing to object at trial. This reliance is misplaced. In *Gilbert,* that defendant enumerated the admission into evidence of a prior guilty plea to trafficking in cocaine and of testimony about that earlier charge, arguing that the trial court had held no USCR 31.3 (B) hearing. There was a conflict in the evidence of the procedural history of that case and this court, applying the presumption of regularity, held that the record supported the determination of the trial court that a USCR 31.3 (B) hearing had been held. This court then injected the parenthetical observation that if defendant were "correct, and if no hearing was held, then he is estopped from raising this argument,

since he made no objection to the evidence of [the] prior act when it was introduced." However, that statement was not necessary to the decision and is not to be considered as having been decided so as to constitute binding precedent. See *State Hwy. Dept. v. Cooper*, 104 Ga. App. 130, 136 (121 SE2d 258). "Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication." Black's Law Dictionary, p. 541 (4th ed.). The issue of whether the procedural error in failing to conduct a USCR 31.3 (B) hearing has been preserved for appellate review in the case sub judice is controlled by the following direct ruling in *Riddle v. State*, 208 Ga. App. 8, 9 (1b), 11 (430 SE2d 153): "[T]he burden of conducting the requisite hearing before similar transaction evidence can be admitted at trial is placed squarely with the State and the trial court; defendant bears no burden to initiate this procedure. Accordingly, [since this ground was raised before the trial court at the hearing on the motion for new trial and pursued on appeal via an enumeration of error supported by argument and citation of authority,] the defendant's failure to object to the admission of similar transaction evidence on the basis that a Rule 31.3 (B) hearing was not conducted does not constitute a waiver of the procedure dictated by Rule 31.3 (B) and does not preclude our consideration of this issue on appeal." *Riddle v. State*, 208 Ga. App. 8, 11 (1b), supra. See also *Ross v. State*, 210 Ga. App. 455, 458 (2) (436 SE2d 496), acknowledging the authority of *Riddle* that an objection to the failure to conduct a USCR 31.3 (B) hearing is not necessarily waived by failing to object when such evidence is offered at trial, but distinguishing that case and holding that the complete failure to object at trial coupled with the complete failure to raise the issue on appeal precludes appellate review of the procedural error in failing to conduct the USCR 31.3 (B) hearing.

"[B]efore any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the state must make three affirmative showings as to each independent offense or act it seeks to introduce. . . . After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act." (Footnote omitted.) *Williams v. State*, 261 Ga. 640, 642 (2b) (409 SE2d 649). Moreover, after the State has made the necessary showings at the USCR 31.3 (B) hearing, the trial court retains the sound legal discretion to exclude relevant similar crimes evidence on the ground that its probative value is substantially outweighed by the danger of unfair prejudice.

See *Brockman v. State*, 263 Ga. 637, 640 (3) (436 SE2d 316). In the case sub judice, the trial court did not conduct an admissibility hearing pursuant to USCR 31.3 (B), nor did the trial court make a determination on the record that the State had satisfied the three requirements for the admission into evidence of the alleged similar transaction. However, the trial court's error in failing to conduct the admissibility hearing mandated by USCR 31.3 (B) is not automatically a good ground for new trial but is subject to scrutiny for harmless error. *Cavender v. State*, 208 Ga. App. 61, 62 (2), 63 (429 SE2d 711). See also *Barrett v. State*, 263 Ga. 533 (2), 535 (436 SE2d 480). In the case sub judice, the State presented the victim's direct evidence as well as circumstantial evidence of defendant's guilt as related by adults pursuant to OCGA § 24-3-16. In opposition, defendant testified that he did not commit the crime alleged in the indictment. There is no conclusive medical or physical evidence as to his commission of the crime. Consequently, the evidence of defendant's guilt in this instance cannot be said to be overwhelming. See *Stewart v. State*, 263 Ga. 843, 844 (1) (440 SE2d 452). Compare *Cavender v. State*, 208 Ga. App. 61, 62 (2), 63, supra; *Barrett v. State*, 263 Ga. 533 (2), supra. The failure to conduct a USCR 31.3 (B) hearing prior to the introduction of evidence of similar acts of child molestation has been held to be reversible error requiring a new trial where such error is not rendered harmless by overwhelming evidence of guilt. *Riddle v. State*, 208 Ga. App. 8, 11 (1b), supra. However, in the recent case of *Stewart v. State*, 263 Ga. 843, 844 (1), supra, the Georgia Supreme Court stated it was unable to conclude at that time that the error in admitting evidence of prior difficulties without the prior procedural protections of USCR 31.3 (B) required a new trial, even though the evidence of guilt was not overwhelming. Instead, the remedy was to "remand the case to the trial court to conduct a post-trial [USCR 31.3 (B)] hearing." *Stewart v. State*, 263 Ga. 843, 844 (1), 845, supra. Likewise, we remand the case sub judice to the trial court to conduct a USCR 31.3 (B) hearing. If the trial court determines that the State's evidence of similar transactions does not demonstrate substantial relevancy for a proper purpose under the standards of *Williams v. State*, 261 Ga. 640, 642 (2b), supra, or if such relevancy is substantially outweighed by the danger of unfair prejudice, *Brockman v. State*, 263 Ga. 637, supra, then a new trial would be warranted. See *Riddle v. State*, 208 Ga. App. 8, 11 (1b), supra. Conversely, if the trial court determines that the State's evidence of similar transactions was admissible pursuant to USCR 31.3 (B) and *Williams v. State*, 261 Ga. 640, supra, then a new trial is unnecessary. *Stewart v. State*, 263 Ga. 843, 844 (1), 845, supra.

2. In his second enumeration of error, defendant urges several instances where the trial court erroneously admitted hearsay evidence,

including a videotaped interview of the victim by a caseworker from the Cobb County Department of Family & Children Services. Each of the alleged instances of allegedly inadmissible hearsay has been examined and is found to refer to evidence of an indecent act done by defendant to a minor and admissible through the testimony of adults, pursuant to OCGA § 24-3-16. Each minor victim took the stand, relating the acts referred to by the adults, and each was subject to cross-examination. Although defendant now complains that no showing was made of any indicia of reliability, OCGA § 24-3-16 does not mandate a hearing on the indicia of reliability before such child hearsay evidence is admissible. *Reynolds v. State*, 257 Ga. 725 (2), 726 (363 SE2d 249). The record reveals that sufficient indicia of reliability surrounding the circumstances of each child's statements, even though some of the statements were not original outcry but were made during interviews with the child in response to questions posed by adults. Specifically, we find nothing to indicate that the children were coached or were subjected to unduly leading or suggestive interview techniques. *Holden v. State*, 202 Ga. App. 558, 562 (4) (414 SE2d 910). The videotaped interview of the victim was introduced and played at trial without objection. The taped interview was transcribed and is part of the record. This videotape was authenticated by the investigating officer who prepared it. As all the requirements for the admission into evidence of a videotape as set forth in *Brooks v. State*, 141 Ga. App. 725, 733 (8), 734 (a) (234 SE2d 541) were met in the case sub judice, the trial court did not err in admitting this videotape of the child's statements. *Newberry v. State*, 184 Ga. App. 356, 357 (2) (361 SE2d 499). Defendant's second enumeration is without merit.

3. Defendant's third enumeration, urging that child hearsay statements attributed to the victim of the prior similar molestation were not admissible pursuant to OCGA § 24-3-16 because that victim was not available to testify, simply is not supported by the record. This witness took the stand and was cross-examined by defense counsel.

4. In his fourth enumeration of error, defendant contends that the trial court twice erroneously admitted hearsay statements of the mother of the victim of the prior similar offense. The record shows that Officer Storey of the Cobb County Police Department and Paige Murvis (nee Martin) went to the home of this mother of the victim of the prior similar offense to investigate a report that her daughter had been sexually abused. This mother is deaf and communicates mainly through sign language. Neither Officer Storey nor Ms. Murvis could understand sign language, so they left and returned with a co-worker who had some knowledge of sign language. Over defendant's hearsay objection, the trial court permitted Officer Storey and Ms. Murvis

each to relate a statement attributed to this mother from that interview that defendant had molested her daughter. However, this mother subsequently took the stand and, via an interpreter, testified as to the same event.

"In *Cuzzort* [*v. State*, 254 Ga. 745 (334 SE2d 661)] [the Georgia Supreme Court] held that the concerns of the rule against hearsay are satisfied where the witness whose veracity is at issue is present at trial, under oath, and subject to cross-examination. When these conditions are satisfied, the prior consistent out-of-court statement of the witness is admissible. [Cits.]" *Carroll v. State*, 261 Ga. 553, 554 (1) (408 SE2d 412). In the case sub judice, both the mother and her daughter were subject to cross-examination regarding the details of the incident related. Consequently, under the authority of *Cuzzort v. State*, supra, the trial court did not err in admitting into evidence, through the testimony of the investigators, the mother's statement that defendant had molested her daughter in the prior similar offense.

5. Defendant's fifth enumeration raises another instance whereby the trial court admitted purported hearsay under the following circumstances: The mother of the victim in the case sub judice testified on direct examination: "P— B——, [an adult neighbor] which is a good friend of [the prior similar offense victim's] mother, come over and told me that [the victim in the case sub judice] may have been bored [sic] because [the prior similar offense victim] was bored [sic]." Defense counsel interposed a hearsay objection. The State's attorney replied that the evidence was offered to explain the conduct of the victim's mother in questioning the victim. Defendant's objection was overruled.

While there is considerable doubt that the conduct of the victim's mother, in the case sub judice, was an issue which needed to be explained by the hearsay statement of a neighbor who did not testify, nevertheless, we find the admission of that statement to be harmless error. By the State's own rationale, the statement was not proffered as proof of the truth that either of the girls had in fact been "bothered" by anyone, much less by defendant. Rather, proof of defendant's indecent liberties came from the victims themselves. The erroneous admission of such inconsequential hearsay on an issue not essential to the State's case could not have materially affected the jury's verdict in this case and is not a good ground for a new trial. *Glass v. State*, 235 Ga. 17, 18 (2), 19 (218 SE2d 776).

6. Next, the defendant enumerates the overruling of his motion for a new trial on the ground of ineffective assistance of counsel. The transcript of the motion hearing indicates that trial counsel did not testify and that the evidentiary basis is the transcript of the trial and the posture of the record. The specific allegations of unprofessional omissions are: (1) the failure to pursue a *Batson*-type challenge to the

prosecutor's use of peremptory challenges on behalf of a white defendant; (2) the failure to insist upon the admissibility hearing mandated by USCR 31.3 (B) before the State was permitted to introduce evidence of a prior similar crime; and (3) the failure to interpose various evidentiary objections.

The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641). In the case sub judice, we have reviewed the transcript of the motion hearing, as well as the entire trial record, and find that the evidence supports the conclusion that defendant has failed to establish his claim of ineffective assistance under the standards of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). *Hammock v. State*, 210 Ga. App. 513, 514 (2) (436 SE2d 571). The strategic decision not to pursue a *Batson*-type challenge to the State's use of its peremptory strikes against black venire, on behalf of a caucasian defendant, did not demand a finding that "trial counsel's conduct fell below that standard of reasonably effective assistance which members of the bar in good standing are presumed to render, as that right to effective assistance is protected by both the Georgia and federal constitutions. *Hill v. Balkcom*, 213 Ga. 58 (1) (96 SE2d 589)." *Shaw v. State*, 211 Ga. App. 647, 649 (2) (440 SE2d 245). The failure of trial counsel to insist on the admissibility hearing mandated by USCR 31.3 (B) has not resulted in harm requiring a new trial, in light of our disposition in Division 1 and consequent remand. It follows that defendant is unable to establish that he has been prejudiced by this omission. *Miller v. State*, 208 Ga. App. 547, 548 (2) (430 SE2d 873). The evidentiary objections proffered as proof of harmful unprofessional omissions have been considered above in separate enumerations and have been found to be without merit in every instance but one. The sole instance in which evidence was in fact erroneously admitted involved inconsequential hearsay. Evidence that inconsequential hearsay was not objected to did not demand a finding that, but for trial counsel's allegedly unprofessional failure to exclude that inconsequential hearsay, there was a reasonable probability that the result of the proceeding would have been different. *Robinson v. State*, 210 Ga. App. 278, 279 (2) (435 SE2d 718). The trial court correctly overruled defendant's motion for new trial on the ground of ineffective assistance of counsel.

*Judgment affirmed and case remanded with direction. Pope, C. J., and Smith, J., concur specially.*

SMITH, Judge, concurring specially.

I concur fully as to Divisions 1, 2, 4, and 5, but differ with the majority's treatment of Divisions 3 and 6.

1. The majority's Division 3 makes it appear that appeal counsel has somehow overlooked the fact that the child witness to whom certain hearsay statements were attributed took the witness stand and was cross-examined by trial counsel. This is not the case. The contention, fairly stated, is that the hearsay statements were inadmissible because the witness was not examined *by the court* under OCGA § 24-9-5 as it existed prior to the 1989 amendment, and therefore was not "available to testify" within the meaning of OCGA § 24-3-16. See, e.g., *Hunnicutt v. State*, 194 Ga. App. 714 (391 SE2d 790) (1990). Trial counsel waived the issue of competency by failing to object at trial, and we should not be hesitant to say so. See *Keasler v. State*, 165 Ga. App. 561 (1) (301 SE2d 915) (1983). As the majority points out, the child did take the witness stand and was subject to cross-examination. Since any potential issue of competency was waived, we can find no error on this basis.

2. (a) As for the issue of trial counsel's effectiveness, I first address trial counsel's waiver of the competency issue as discussed above. After reviewing the transcript, there appears to be no reasonable probability that but for trial counsel's failure to object on competency grounds, the child witness would have been declared incompetent. The State's questioning of the child and the child's responses affirmatively indicate that the child could distinguish between the truth and a lie, that she knew she should only tell the truth in court, and that she intended to do just that. This testimony belies any contention that the trial court probably would have ruled the witness incompetent if trial counsel had asked for such a determination. Based on the transcript of the child's testimony, I see no reason to believe that the trial court would have exercised its discretion to White's benefit and declared the witness incompetent even if trial counsel had timely objected. White "has failed to show that, but for this omission, the result at trial would have been different." *Robinson v. State*, 210 Ga. App. 278, 280 (3) (435 SE2d 718) (1993).

(b) The majority affirmatively states that trial counsel did not testify at the motion for new trial, but then later states, without apparent support, that the failure to pursue a *Batson*-type challenge by counsel for this white defendant was a "strategic decision."[1] I am not willing merely to assume that White's trial counsel allowed the State to strike black jurors as part of his trial strategy. The majority plainly implies that White's counsel made a strategic decision based on the "fact" that White would certainly be pleased to have the State strike all blacks from the venire. I cannot accept this premise.

---

[1] Since trial counsel has not been heard on this issue, it is questionable whether White has presented a claim worthy of review. See, e.g., *Williams v. State*, 251 Ga. 749, 809 (20) (312 SE2d 40) (1983).

The State likewise disagrees with the majority's conclusion. In fact, the State readily concedes that trial counsel *did* in fact attempt to allege a *Batson* violation, albeit late. The State's position is that it did not in fact discriminate, or at least the record does not show it, and that therefore White cannot show harm as well as error.

Despite my strong differences with the majority's analysis, I nevertheless can find no basis for reversible error on this ground. "Appellant made no attempt to have the record or transcript amended to include any objectionable matter which might have transpired during voir dire. OCGA § 5-6-41 (f). The entire voir dire is not required to be reported in all felony cases. Where the transcript or record does not fully disclose what transpired at trial, *the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f).* When this is not done, there is nothing for the appellate court to review." (Citations and punctuation omitted; emphasis supplied.) *Meier v. State*, 190 Ga. App. 625, 626 (1) (379 SE2d 588) (1989).

White has failed to meet his burden to complete the record using the statutory means available to him. Since we have been presented with no basis to determine the existence of a *Batson* violation in the first instance, we are likewise presented with no basis to conclude that the ruling of the trial court in denying White's motion for new trial on the ground of ineffective assistance of trial counsel was clearly erroneous. *Nolan v. State*, 204 Ga. App. 170, 172 (3) (419 SE2d 72) (1992).

I am authorized to state that Chief Judge Pope joins in this special concurrence.

DECIDED JUNE 3, 1994.

*Wallace C. Clayton*, for appellant.
*Thomas J. Charron, District Attorney, Rose L. Wing, Assistant District Attorney*, for appellee.