## A95A1493. COOLEY v. THE STATE.

(464 SE2d 619)

McMURRAY, Presiding Judge.

Defendant Cooley appeals his conviction of the offense of terroristic threats. *Held*:

Defendant enumerates as error the denial of his motion for directed verdict of acquittal submitted at the close of the State's evidence. Since the evidence when viewed in a light most favorable to upholding the verdict fails to satisfy the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), a verdict of acquittal was demanded and defendant's conviction must be reversed.

Defendant's daughter was involved in a fight at school. The child's teacher reported this to the school's administrators by beginning a disciplinary referral form, that is, filling in portions of the form with the child's name, time, date, the teacher's name, and a brief description of the offense. The dispute between the students was resolved by the counseling of one of the school's assistant principals. Apologies were exchanged between the students and the assistant principal sent home with defendant's daughter the disciplinary referral form. To the form the assistant principal added a description of the resolution of the incident and signed the form in a space subscribed "Office Signature." The form also contained a space for a parent's signature. Defendant's daughter was instructed by the assistant principal to have a parent sign the form and return it to her. Defendant's daughter returned the disciplinary form sealed in an envelope to her teacher, who passed it on to the school's second assistant principal, who in turn passed it on to the assistant principal who had signed the form.

In the space for the parent's signature was written "over" and the back of the form contained a handwritten note. This note, which forms the basis of the alleged offense, states:

"Corporal punishment is *not* an option in *any* situation concerning my daughter. Any use of physical violence against my daughter will result in the use of physical violence of mine directed against the perpetrator. I will protect my child against physical abuse, if I have to kill you to do it!

[defendant's signature]

I notice that there is nothing marked in action taken prior to referral. In *all* cases reaction to a first offense should be to contact the parents. Parents should be given the opportunity to correct the children first. I have done this.

[defendant's signature]"

Pretermitting any other issues raised by defendant's enumeration

of error, we note that the crime of terroristic threats is not limited to circumstances where the perpetrator engages in the prohibited conduct in a face to face confrontation with the victim. Previous cases have approved convictions where the perpetrator has caused threats to be transmitted by telephone or conveyed by mail. *Hammock v. State*, 210 Ga. App. 513, 515 (3) (436 SE2d 571); *Usher v. State*, 143 Ga. App. 843 (240 SE2d 214). But where there is no evidence that the defendant caused the threat to be conveyed to the victim, there is no proof of the crime of terroristic threats and we find no authority for sustaining a conviction.

Defendant's child did not testify at trial. There is no direct evidence that the child was acting on her father's instructions in returning the referral form to the school. There is evidence that the child was instructed by the assistant principal, who is the alleged victim, to return the form. Defendant testified that he did not return the form to his daughter and also denied having written "over" in the space provided for a parent's signature.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. In our view it is a reasonable hypothesis that defendant's daughter, a fifth grade student at the time of the alleged offense, acted independently in recovering possession of the disciplinary referral form and returning it to the school in compliance with the instructions she had received from the assistant principal. "While the determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury and while we must view the evidence in the light most favorable to the jury verdict, we must not be blinded by that verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law. [Cits.]" *Brooks v. State*, 206 Ga. App. 485, 486 (1) (425 SE2d 911). See also *Paden v. State*, 216 Ga. App. 188, 189 (1) (453 SE2d 788). The State's failure to present evidence excluding a reasonable hypothesis of innocence results in a failure of proof in regard to several elements of the crime charged and should have precluded the jury's return of a verdict of guilty.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 17, 1995 —
RECONSIDERATION DENIED NOVEMBER 29, 1995.

*Cowart & McCullough, Hugh J. McCullough,* for appellant.
*Dupont K. Cheney, District Attorney, James S. Archer, Assis-*

*tant District Attorney*, for appellee.